29 C.C.P.A. (Patents)

## McBRIDE v. TEEPLE.

### Patent Appeal No. 4576.

Court of Customs and Patent Appeals.

June 1, 1942.

John H. Bruninga and John H. Sutherland, both of St. Louis, Mo., and Charles E. Riordon, of Washington, D. C., for appellant.

Frederick Schafer, of Washington, D. C., and Chester H. Biesterfeld, of Wilmington, Del. (Fred S. Cross, of Wilmington, Del., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of invention of the subject matter defined in the single count in issue to appellee, Oliver J. Teeple, Jr.

The invention relates to a process of producing propellant powder from nitrocellulose and a liquid explosive. The process is sufficiently described in the count in issue, which reads: "1. The process of producing a propellant powder which comprises treating a water-suspension of a nitrocellulose base grain powder with a liquid explosive material of relatively high potential that is substantially insoluble in water and is a solvent for a portion of the powder, until the nitrocellulose is substantially impregnated with the material."

The interference is between appellant's application No. 751,584, filed November 5, 1934, and appellee's patent No. 1,924,465, issued August 29, 1933, on an application filed October 27, 1932. Appellee's application which matured into his patent is a continuation in part of a prior application, No. 513,358, filed February 4, 1931.

Appellant is the junior party and, as his application was filed subsequent to the issuance of appellee's patent, the burden was upon him to establish priority of invention beyond a reasonable doubt.

The interference, involving seven counts including count 1 here in issue, was originally before us in the case of McBride v. Teeple, Jr., 109 F.2d 789, 27 C.C.P.A., Patents, 961. We there affirmed the decision of the Board of Appeals awarding priority of the invention defined in counts 2 to 7, inclusive, to appellee. As to count 1 here involved, we there held that as appellant had disclosed the invention defined therein in an application filed November 14, 1930, which matured into a patent

(No. 1,955,927) April 24, 1934, in which the invention was not claimed, appellant was entitled to the filing date (November 14, 1930) of his earlier application for conception of the invention; that as appellant's involved application (filed November 5, 1934, six months after the issuance of his patent) was not copending with his original application, there was no continuity between his involved application and his original application and he, therefore, was not entitled to the filing date of his earlier application for constructive reduction to practice; and that as appellant had failed to establish an actual reduction to practice prior to the filing date (February 4, 1931) of appellee's earlier application, which we held disclosed the involved invention and which, because of its disclosure, entitled appellee to that date for conception and constructive reduction to practice, appellee was entitled to an award of priority, unless appellant had established that he was diligent in reducing the invention to practice at and immediately prior to the time (February 4, 1931) appellee entered the field and thereafter until appellant's claimed reduction to practice in November and December 1931, when 5,000 pounds of propellant powder was produced in accordance with the process defined in the involved count. In support of our holding that appellant was not entitled to the filing date of his earlier application for constructive reduction to practice, we cited the following cases: Conover v. Downs, 35 F.2d 59, 17 C.C.P.A., Patents, 587; Fessenden v. Wilson et al., 48 F.2d 422, 18 C.C.P.A., Patents, 1171; Writer v. Kiwad, 63 F.2d 259, 20 C.C.P.A., Patents, 869; Euth v. Oliver, 70 F.2d 110, 21 C.C.P.A., Patents, 1027. We further held that as counsel for appellant claimed in their brief that the evidence of record established diligence on the part of appellant in reducing the invention to practice during the critical period, and as the board had not considered that issue, the interest of justice required that the case be remanded for a consideration of that issue by the tribunals of the Patent Office. The decision of the Board of Appeals was, accordingly, reversed as to count 1, and the cause remanded for proceedings consistent with the views expressed in our decision.

Our decision in that case was rendered February 26, 1940. Thereafter, on March 18, 1940, counsel for appellant filed a petition for a rehearing in which it was requested that the court determine whether the evidence warranted a holding that appellant had established that he was diligent in reducing the invention to practice. It was also requested that the court reconsider that portion of its decision wherein it was held that appellant was not entitled to the filing date of his earlier application for constructive reduction to practice.

The petition for rehearing was denied by this court on April 8, 1940.

It appears from the record in the instant case that the Examiner of Interferences considered the issue of appellant's diligence in accordance with our decision remanding the case to the Patent Office tribunals, and held that the evidence of record was not sufficient to establish that appellant was diligent in attempting to secure an actual reduction of the invention to practice during the critical period, and, accordingly, awarded priority of invention to appellee.

On appeal to the Board of Appeals, counsel for appellant contended that the Examiner of Interferences erred in holding that the evidence was insufficient to establish diligence on the part of appellant in reducing the invention to actual practice during the critical period, and that the examiner also erred in failing and refusing to hold that the prosecution of appellant's earlier application constituted diligence during the critical period.

In its decision, the board affirmed the decision of the Examiner of Interferences holding that the evidence was insufficient to establish diligence by appellant during the critical period. The board also held that appellant could not rely on his earlier filed application as evidence of diligence in reducing the invention to practice during the critical period.

On appeal to this court, counsel for appellant abandoned the only issue covered by our remand to the Patent Office; and the only issue raised in appellant's reasons of appeal and discussed in the brief of counsel is that the pendency and diligent prosecution, during the critical period, of appellant's earlier filed application (which matured into a patent which discloses, but does not claim, the involved invention) constitutes diligence as a matter of law.

At the time of the oral arguments in this court, counsel for appellant contended that appellant's earlier filed application contained a claim to the involved invention, and that such claim was diligently prosecuted during the critical period. Whether appellant's earlier filed application, which, it was held in our prior decision, disclosed

330

the involved invention, contained a claim for such invention, is not of vital importance in a proper determination of the issue here presented, because it is evident from the record that if that application did contain such a claim, such claim was rejected by the Primary Examiner, and the examiner's rejection was acquiesced in by appellant, prior to the issuance of appellant's patent.

 It is true that at the time appellee filed his original application (February 4, 1931), appellant's earlier filed application disclosed the involved invention, and, had an interference been declared between those applications, or between appellant's earlier application and appellee's patent or the application on which appellee's patent issued, appellant would have been entitled to the filing date of his earlier application for constructive reduction to practice. Or, had appellant filed an application for the involved invention prior to the issuance of his patent, he would have been entitled, in an interference between that application and appellee's patent, to the date of the filing of his earlier copending application for constructive reduction to practice. However, as appellant permitted his earlier filed application to mature into a patent without any claims therein for the involved invention, and as his involved application was filed subsequent to the issuance of his patent, there is a lack of continuity between appellant's earlier filed application and his involved application. Accordingly, appellant is not entitled to the filing date of his earlier filed application for constructive reduction to practice, as held in our prior decision.

The issue covered by our remand to the Patent Office is not whether appellant was diligent in prosecuting his earlier filed application, but rather, having lost the benefits of the doctrine of constructive reduction to practice, was appellant diligent during the critical period in attempting to secure an actual reduction of the invention to practice.

Obviously, appellant's claimed diligence in the prosecution of claims for the involved invention in his earlier filed patent application during the critical period has no bearing whatsoever on the issue of diligence in reducing the involved invention to practice; it has no bearing on appellant's actual reduction to practice in November or December 1931, because it does not relate thereto; and it has no bearing on a con-

structive reduction to practice, because whatever right appellant might have had to a constructive reduction to practice by a disclosure of the involved invention in his earlier filed and patented application was lost long subsequent to the critical period; that is, at the time (April 24, 1934) appellant permitted his earlier filed application to mature into a patent without a claim therein for the involved invention.

For the reasons stated, the decision is affirmed.

Affirmed.