**McBRIDE et al. v. COE, Com'r of Patents.**

**Civil Action No. 14222.**

District Court of the United States for the District of Columbia.

June 4, 1943.

John H. Bruninga and John H. Sutherland, both of St. Louis, Mo. (Charles E. Riordon, of Washington, D. C., of counsel), for plaintiffs.

W. W. Cochran, Sol., of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Patent Office.

LUHRING, Justice.

This is an action under R.S. § 4915, 35 U.S.C.A. § 63, in which the plaintiffs seek to have the Court authorize the allowance of a reissue of their patent, No. 1,955,927, relating to the process of making propel-

lant powders, which was granted to the plaintiff McBride April 24, 1934.

The original application was filed by McBride November 14, 1930, and was given serial number 495,672. During the pendency of this application, one Oliver J. Teeple, Jr., made application for a patent on a process of producing propellant powder. This application was filed October 27, 1932, and given serial number 639,838. Teeple was granted a patent, No. 1,924,465, August 29, 1933, approximately eight months before·the patent to McBride. It is to be noted that the Teeple patent recites that it is a continuation in part of an application filed by him on February 4, 1931, serial number 513,358.

No interference was declared by the Patent Office during the pendency of these applications.

Subsequently, and on the 5th day of November, 1934, McBride filed another application, serial number 751,584, for a patent for the improvement in explosive, as set forth in the specification thereto annexed, and it was during the progress of this application through the Patent Office, or definitely, when preparing an amendment in response to the first rejection of the second McBride application, that counsel for McBride first learned of the Teeple patent. He incorporated the claims of that patent as an amendment to the McBride application on August 8, 1935, and thus provoked a declaration of interference on October 10, 1935.

The invention relates to a process of producing propellant powder from nitrocellulose and a liquid explosive. The process is sufficiently described in Claim 1 of the Teeple patent, which reads as follows: "The process of producing a propellant powder which comprises treating a water-suspension of a nitro-cellulose base grain powder with a liquid explosive material of relatively high potential that is substantially insoluble in water and is a solvent for a portion of the powder, until the nitro-cellulose is substantially impregnated with the material."

In the interference proceeding, it was held by the Examiner of Interferences that the disclosure of McBride's patent, 1,955,927, did not include any "liquid explosive material of relatively high potential," but the Board of Appeals in the Patent Office disagreed with this holding December 30, 1938, although priority of invention was awarded Teeple. On ap-peal to the United States Court of Customs and Patent Appeals, that court agreed with the Board as to disclosure but remanded the case to the Patent Office to determine the question of diligence saying "* * * it is our opinion that in the interest of justice, before making an award of priority, the question of appellant's diligence should be determined, and it is our conclusion that, as to said count 1, the decision of the board should be reversed in order that such finding may be made by the proper Patent Office tribunals." McBride v. Teeple, 27 C.C.P.A., Patents, 961, 109 F.2d 789, 798. The Board of Appeals again awarded priority of invention to Teeple and that decision was affirmed by the Court of Customs and Patent Appeals on June 1, 1942. McBride v. Teeple, 129 F.2d 328, 29 C.C.P.A., Patents, 1084.

Prompted by the early decision of the Board of Appeals with respect to the disclosure of McBride's patent, and on the 6th day of February, 1939, McBride filed his application for a reissue of his patent, No. 1,955,927, and included therein as claim 15, the claim No. 1 of the Teeple patent above quoted. This claim 15 is the only one before the Court for consideration on its merits, since claims 1 to 14, inclusive, of the reissue application appear in the original McBride patent and, unless claim 15 is found allowable, there is no basis for a reissue.

In conformity with the provisions of R. S. § 4916, 35 U.S.C.A. § 64, for the reissue of defective patents, the complaint alleges that the Letters Patent No. 1,955,-927, issued to McBride, were inoperative to fully protect the subject matter disclosed therein by reason of an insufficient specification and that the error arose by inadvertence, accident or mistake, and formally alleges the rejection of the reissue application by the Patent Office tribunals.

The affirmative defenses set up in the answer of the Commissioner of Patents are (1) that claim 15 of the reissue application cannot properly be allowed because it was copied from the patent to Teeple more than two years after the issue thereof, and (2) that the subject matter of claim 15 is res judicata by reason of the proceedings in Interference No. 71,613, wherein judgment was rendered against the plaintiff.

The inadvertence relied upon by the plaintiffs is that of the Patent Office in its failure to declare an interference be-

tween McBride's original application and the Teeple application while they were co-pending and before the patent to Teeple issued. Rules 93 and 94 of the Rules of Practice of the United States Patent Office, 35 U.S.C.A. Appendix, make provision for the institution and declaration of interferences and are applicable here. Neither McBride's original application nor his patent contained any claim directed to the treatment of powder with a "liquid explosive material of relatively high potential." Even the disclosure of such material was so obscure that it was not discovered until several years after the issuance of both the McBride and Teeple patents. Furthermore, the failure of the Patent Office to declare an interference, even if inadvertent, does not justify the reissue of a patent. In re Bostwick, 102 F.2d 886, 26 C.C.P.A., Patents, 1117; In re Guastavino, 83 F.2d 913, 23 C.C.P.A., Patents, 1179.

█ The plaintiffs also rely upon the "mistake" of their attorneys in considering that the McBride original patent did not disclose any "liquid explosive material of relatively high potential," particularly their belief that trinitrotoluene (TNT), which was mentioned as a possible material in the specification (page 5), was a deterrent and not an accelerator and, therefore, was not within the meaning of the language quoted. Because of this belief, they concluded that they had no disclosure of an accelerator in the McBride patent and, therefore, in the taking of testimony in behalf of McBride in the Interference proceeding in the Patent Office June 8-10, 1936, did not rely upon the earlier McBride patent, No. 1,955,927. However, when it appeared during the taking of testimony on behalf of Teeple July 7-13, 1936, that these explosives of high potential included deterrents and after the closing of the Teeple testimony, on July 17, 1936, counsel gave notice of their intention to rely upon the disclosure of the earlier McBride patent. But, as we have seen, the instant reissue application was not filed until the 6th day of February, 1939, more than two and one-half years after learning that the language of the Teeple patent, "liquid explosive material of relatively high potential," included deterrents as well as accelerators.

It is to be noted that Mr. Fred Olsen, who testifies as a witness here, is and since the year 1929 has been the technical director of the Western Cartridge Company, the corporate plaintiff in this proceeding. Mr. Olsen is an expert on explosives and explained (R. 24) that the purpose of applying surface treating agents to powder grains was to regulate the speed of burning of the powder grain. He said: "If it were too slow for the particular weapon, it was necessary to add something to speed the powder burning; and that was known as an accelerator. Sometimes it was desirable to slow down the powder burning; and in that case a deterrent would be added to the surface of the powder." He knew and so testified that trinitrotoluene, or as commonly known TNT, was an accelerator and, when asked by counsel for the first time a day or so before the hearing of this cause, so advised him.

The Court is of opinion that the mistaken belief of counsel as to the nature of TNT, under the circumstances here disclosed, is not such a mistake as is contemplated by R.S. § 4916, 35 U.S.C.A. § 64, and does not excuse the failure to timely proceed with the filing of the reissue application.

█ A more serious defense is that of res judicata. As we have seen, priority of invention was finally awarded to Teeple. McBride v. Teeple, 129 F.2d 328, 29 C.C. P.A., Patents, 1084. We are urged to ignore this decision of the United States Court of Customs and Patent Appeals because that court is an administrative tribunal—"an arm of the Patent Office," whose decisions are not binding on this court in a proceeding under R.S. § 4915, 35 U.S.C.A. § 63, particularly when the decision is predicated upon "a clear mistake of law." (Plaintiffs' Reply Brief, p. 7.)

A similar argument was rejected by the United States Court of Appeals for the District of Columbia in the case of Chase v. Coe, 74 App.D.C. 152, 122 F.2d 198. Chief Justice Groner, delivering the opinion of the court, at page 154 of 74 App.D.C., at page 200 of 122 F.2d, said: "The ingenious argument of counsel in this respect is well done, but we are unable to find any legal or logical basis on which to sustain it. We think, as we have said, in our former opinions, that the decision of the Court of Customs and Patent Appeals, after submission of the case to it without protest, is conclusive as to all the matters adjudicated by it. The anomalous procedure of a new appeal through an equity proceeding never was intended and, as we have already suggested, would defeat the purpose of the 1927 amendments to R.S. § 4915, which was to limit resort to that

section to cases in which the option to go to the Court of Customs and Patent Appeals had not been availed of."

In this connection, see, also, Blackford v. Wilder, 28 App.D.C. 535; In re Marconi, 38 App.D.C. 286; In re Wasserfallen, 54 App.D.C. 367, 298 F. 826; Hemphill Co. v. Coe, 74 App.D.C. 123, 121 F.2d 897.

It follows that claim 15 is unpatentable to the plaintiffs and, therefore, the complaint must be dismissed.

It is so ordered and counsel for the defendant will prepare and submit appropriate findings of fact and conclusions of law.