25 C.C.P.A. (Patents)

### In re McKEE.

### Patent Appeals No. 3953.

Court of Customs and Patent Appeals.

April 25, 1938.

Roy W. Johns, of Chicago, Ill., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Board of Appeals of the United States Patent Office affirmed the action of the Primary Examiner in denying patentability of ten claims of appellant's patent, being numbered claims 1 to 6, inclusive, and 10 to 15, inclusive. From the decision of the Board, appellant has appealed here. In this court appellant moved to dismiss the appeal as to claims 3 and 4, which motion is granted.

The alleged invention relates to an industrial method of treating meats, which method is sufficiently set out in the claims. Claim 15 is illustrative of the claims on appeal and follows:

"15. The method of packing meat which comprises freezing a carcass part, knife slicing while frozen, gathering together while frozen a plurality of the slices with their cut surfaces in contact with one another, and maintaining the same at freezing temperatures with the cut surfaces contacting until the said slices are separated."

Claims 7, 8, and 9 of appellant's application, which are chiefly concerned with quickly chilling and then tempering meat before slicing the same, were allowed.

The Examiner rejected the claims upon two grounds and the Board affirmed the Examiner on both grounds. The first ground of rejection was that of res adjudicata, it being held that said ground applied by virtue of this court's affirmance of the Patent Office rejections of certain claims in a previously filed application of which the present application is a continuation, the former application having been abandoned. This ground is stated by the Examiner in the following terms:

"History of the Case.

"This case is a continuation of a previously filed case, Serial No. 368,941, filed June 6, 1929, and now abandoned.

"The disclosure in the instant case is practically a duplicate of the parent case as originally filed. The instant claims, 3 to 6, inclusive, are identical with claims 3, 5, 6, and 7, respectively, in the parent case. The instant claims 1, 2, and 10 to 14, inclusive, are identical with claims 1, 2, and 18 to 22, inclusive, respectively, in the parent case, except that the word knife has been added in the instant claims before

the word 'slicing.' Claim 15 is substantially identical with claim 25 in the parent case, except that in claim 15 the term knife appears before 'slicing.'

"It will be noted the following amendment was inserted on page 11 in the parent case:

" 'The term "slice" as used herein refers to a minor division of the carcass part, and the term "slicing" refers to the separation of the carcass, or carcass part, into such minor divisions in whatever manner may be employed, as for instance, by means of a knife, chopping tool, or saw.'

"The present specification differs from that in the parent case in that the above quoted amendment has been omitted.

"All of the claims in the parent case corresponding to the instant claims, as above set forth, were held unpatentable by the Court of Customs and Patents Appeals. (In re McKee, 75 F.2d 635, 22 C.C.P.A., Patents, 1010.) A certified copy of the Court's decision appears in the instant file, paper No. 5.

"Rejection on Res Adjudicata.

"All the claims were rejected on the ground of res adjudicata. As above pointed out, the instant appealed claims 3 to 6 are identical with claims held unpatentable by the Court. The remainder of the instant appealed claims differs from the corresponding claims held unpatentable by the court only in the added limiting term knife in describing the slicing step. Since knife slicing is specified in present claims 5 and 6 (claims 6 and 7 in the parent case), it is apparent that insofar as the slicing step is concerned, the remaining claims on appeal add nothing different in this respect from what has already been adjudicated by the Court."

The Board of Appeals in sustaining the action of the Examiner on the ground of res adjudicata did so for substantially the same reasons as those assigned by the Examiner, and said:

"The claims in this case stand rejected on the ground of res adjudicata. Certain of the appealed claims are identical with claims held unpatentable by the court and other claims are amended slightly by the addition of the word 'knife' in describing the slicing step. We note, however, that claims 6 and 7 in the parent case, being present claims 5 and 6, specified slicing by means of a knife blade cutter so that this alleged distinction was presented in the claims before the court. The court, in discussing the definition of the term 'slicing' in the application before them, stated that in view of the broad definition given by appellant it would include the use of a chopping tool or saw and therefore that the prior art patents to Hoy and Vaughan more especially were pertinent references. The court made this statement:

" 'If there be anything inventive in the slicing of frozen meat, as to which point we are not called upon here to express an opinion, this feature is amply anticipated by the disclosure of Hoy.'

"Appellant urges that as the court relied on the broad meaning for the term 'slicing' in the parent case, and inasmuch as this broad definition is omitted in the present application, the instant claims are now patentable. The examiner was not convinced of that fact and neither are we. From the notation above given from the court decision it is apparent that it felt the patent to Hoy disclosed the slicing of frozen meat and inasmuch as applicant conceded in the prior case that a knife, a chopping tool and a saw are equivalents and inasmuch as they seem to be equivalents in the art, we believe the holding of the court should apply to the claims in the present case. * * *"

We are in agreement with the Examiner and the Board in their decisions rejecting the claims here on appeal on the said ground of res adjudicata. As has been pointed out, certain of the claims are identical with the rejected claims of appellant's application which were before this court in Re McKee, 75 F.2d 635, 22 C.C.P.A., Patents, 1010. Other claims are differentiated from the said claims which were before this court in said appeal only by including the word "knife" before the word "slicing," or "knife blade" before "slicing machine." It is true that in the instant application an amendment which was inserted in the parent application has been omitted. The amendment reads:

"The term 'slice' as used herein refers to a minor division of the carcass part, and the term 'slicing' refers to the separation of the carcass, or carcass part, into such minor divisions in whatever manner may be employed, as for instance, by means of a knife, chopping tool, or saw."

Appellant urges here that knife slicing lends invention to the claims at bar over those which were rejected in the last above referred to application. This court pointed

out that McKee in the application before the court in the former case had broadened the meaning given the term "slicing" by the amendment so as to include the use of a "knife, chopping tool, or saw," and the court observed that if there was anything inventive in the slicing of frozen meat, the patent to Hoy, 1,129,868, of March 2, 1915, which disclosed knives for cutting meat amply anticipated the knife cutting in the case then on appeal.

Certainly, there was nothing stated in Re McKee, supra, that would suggest that the court was of the opinion that invention might rest in the knife slicing of meat, since the Hoy disclosure was pointed out.

We agree with the Board that under the circumstances above recited, the knife-slicing feature in the claims did not impart patentability to them since it is old in the prior art, and since appellant in the abandoned application which was before this court in Re McKee, supra, conceded and taught that a knife, a chopping tool, or a saw were equivalents.

The appeal as to claims 3 and 4 is dismissed. As to the claims remaining in the case, numbered 1, 2, 5, 6, and 10 to 15, inclusive, the decision of the Board of Appeals is affirmed.

Affirmed.