29 C.C.P.A. (Patents)

**MACLEAY DUFF (DISTILLERS), Ltd., v. FRANKFORT DISTILLERIES, Inc.**
**(three cases).**

**Patent Appeals Nos. 4608–4610.**

Court of Customs and Patent Appeals.
June 15, 1942.

Rehearing Denied July 3, 1942.

Randolph B. Cousins, of New York City (Cousins & Cousins, C. C. Cousins, and Francis E. Boyce, all of New York City, of counsel), for appellant.

Raymond J. Mawhinney, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Judge.

These appeals involve three trade-mark proceedings in the United States Patent Office. Appeal No. 4608 is an appeal from a decision of the Commissioner of Patents in an opposition proceeding affirming that of the Examiner of Interferences in so far as he sustained the opposition of appellee brought under the provisions of section 6 of the Trade-Mark Act of 1905, 15 U.S.C.A. § 86. The commissioner in this

proceeding reversed the decision of the examiner in his ex parte refusal to register the mark of appellant. Appeals No. 4609 and No. 4610 are appeals from decisions of the commissioner affirming those of the examiner sustaining appellee's petitions for cancellation of two of appellant's registered trade-marks. The proceeding involved in appeal No. 4609 was brought under the provisions of section 13 of the Trade-Mark Act of 1905, 15 U.S.C.A. § 93, and that involved in appeal No. 4610 under sections 1 and 2 of the act providing for international registration and for marks not registrable under the Trade-Mark Act of 1905, approved March 19, 1920, 41 Stat. 533, 15 U.S.C.A. §§ 121, 122.

By agreement between the parties below the cases were consolidated, heard and disposed of on a single record and upon a single brief filed by each party. Since we have here a single record and single briefs, as below, the appeals will be disposed of in a single opinion.

Testimony was taken only by appellee. It is conceded that the goods of the parties (whiskey) are of the same descriptive properties and that appellee is the prior user of its trade-mark.

### Appeal No. 4608.

The application involved herein discloses a composite mark contained in an oval circumference. At the top of the oval on a solid background conforming in shape to the curvature of the oval appears the word "Duff's" in relatively large plain white letters. In that background immediately below the word "Duff's" appear in very small letters the words "Liqueur Scotch Whisky". Spaced well below the said background is a figure in shape similar to that of an old-fashioned family meat chopper, at the top or handle end of which appear three stars on a solid background. The handle and the blade, so to speak, are connected with a circular design in which there is depicted the head of a stag or elk. The "chopper" portion in small letters contains the words, "Distilled & Bottled in Scotland". Beneath those words on a representation of a ribbon are the words in larger letters "Special Liqueur Cream". Below those words in small print are the words "Macleay Duff Distillers, Glasgow".

The appellee in its notice of opposition alleged the trade-mark use of the words "Duffy", "Duffy's", "Duffy's Malt", "Duffy's Malt Whiskey" and "Duffy's Whiskey". Appellee is the owner of a trade-mark, No. 274,479, registered August 26, 1930, under the said Act of 1905, upon an application filed May 31, 1930. It is not necessary to describe that mark other than state that it prominently displays the notation "Duffy" in association with a design and other words.

The Examiner of Interferences in sustaining the notice of opposition was of opinion that, in the mark sought to be registered, "the notation 'Duff's' is the most prominent spoken symbol and the one it is believed purchasers would ordinarily utilize in calling for applicant's goods". The examiner held that "the resemblances between the marks considerably outweigh the differences and are such that their concurrent use in trade would be reasonably likely to cause confusion". Under the authority of the case of J. B. Williams Co. v. Ernest W. Williams, 48 F.2d 398, 18 C.C.P.A., Patents, 1133, the examiner disagreed with appellant's contention that, because the name "Duff" is contained in the corporate title of appellant, a different conclusion was warranted.

Upon the right of appellant to register his trade-mark the Examiner of Interferences stated his reasons and conclusion as follows:

"The manner of display of the surname 'Duff' in the mark shown in the application in question is deemed insufficient to avoid the statutory inhibition against registration of such names unless reproduced 'in some particular or distinctive manner.' John Walker & Sons, Ltd., v. W. & H. Walker, Inc., 470 O.G. 953, 159 Ms.D. 747; Cluett, Peabody & Co., Inc., v. Adelphi Shirt Co., 159 Ms.D. 778, 472 O.G. 744.

"Accordingly, it is adjudged that the applicant is not entitled to the registration for which it has made application."

Upon appeal the Commissioner of Patents stated as follows:

"Applicant's mark includes the name 'Duff's,' in addition to other wording most of which is descriptive and hence disclaimed, and a somewhat elaborate arrangement of various design features with which the name is so associated as to form an integral part of the composite whole. It is my opinion that the name is thus printed in a 'particular or distinctive man-

ner' within the meaning of the statute, and that the examiner erred in ruling to the contrary.

"Applicant's mark is appropriated to Scotch whisky. Opposer relies upon its own prior use of the name 'Duffy's,' either alone or in association with other features, as a trade-mark for malt whisky. Applicant concedes that upon the record opposer has established priority, but insists that opposer's mark is not 'Duffy's' but 'Duffy's Malt.' For the purpose of this decision the point may be conceded, because I think it is immaterial. I agree with applicant that in determining the question of confusing similarity the marks of both parties must be considered in their entireties; but manifestly the word 'malt' is purely descriptive of malt whisky, and is incapable of denoting the origin of that product. Moreover, I agree with the examiner that in applicant's mark 'the notation "Duff's" is the most prominent spoken symbol and the one it is believed purchasers would ordinarily utilize in calling for applicant's goods.' That being true, it seems to me inevitable that the use of applicant's mark on Scotch whisky concurrently with opposer's use of its mark on malt whisky would lead to confusion.

"For the reasons stated the decision of the examiner of interferences sustaining the opposition is affirmed, and his ex parte refusal to register applicant's mark is reversed."

In view of the concessions hereinbefore referred to, the question to be decided here is whether the marks of the parties so nearly resemble each other "as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers".

It would seem to be almost impossible to confuse the mind of, or to deceive, a purchaser who has what is sometimes called "an educated taste" in liquor. He recognizes the delicate differences that may exist between the same types or kinds of whiskies produced by different manufacturers. However, his knowledge in this respect cannot, in our opinion, be the yardstick by which statutory confusion or deception in trade-mark law may be measured. Those who comprise the general public in the purchase of whiskey are not connoisseurs and they order the commodity simply according to name or brand. Generally speaking it is the spoken word that symbolizes the liquor ordered by purchasers. It is reasonable to suppose that the goods of the parties here involved would be called for as "Duff's" or as "Duffy's". The difference in appearance and sound between the two words is so slight that we think it reasonable to hold that their concurrent use on whiskey is likely to confuse the mind of the public or to deceive purchasers as to origin. The words "Duff's" and "Duffy's" are unquestionably the most prominent feature of the marks and the most appealing to memory as well as vision.

It is not necessary to consider the decision of the commissioner in respect to the reversal of the examiner's decision holding that the mark was not "printed in a particular or distinctive manner" as required by the statute.

The decision of the Commissioner of Patents will be affirmed in so far as it affirmed that of the Examiner of Interferences.

Appeal No. 4609.

This proceeding was brought by appellee seeking to have cancelled the registration of a trade-mark of appellant. That trade-mark No. 351,967 was registered under the provisions of the Trade-Mark Act of 1905, said registration being dated November 16, 1937, upon an application filed April 20, 1937.

The mark as it appears in the record consists apparently of three separate parts to be applied as labels to the containers of appellant's goods. The top label is crescent-shaped, the horns of which are upturned, having on a solid background three white stars. Just over the stars in very small print is the notation "Macleay Duff & Co." and just beneath the stars is the word "Glasgow". Below the crescent the middle label is a horizontally elongated octagon in which, on a solid background, appear the said name of the manufacturer, "Glasgow", the head of an elk or stag on a shield, "Special Liqueur Cream" on the representation of a relatively diagonally disposed ribbon, "The Finest Scotch Whisky Thoroughly Matured" and "Distilled and Bottled in Scotland". Below the octagon on the lowest label appear the words "Duffs Liqueur Scotch Whisky" on a horizontal solid background. "No claim is made to any of the wording, with the exception of the names 'Macleay Duff & Co.' and 'Duff's' nor to the representation

of the labels per se." Appellee, which is concededly the prior user between the parties, relies on the same mark "Duffy" or that word as varied, shown in appeal No. 4608.

The Examiner of Interferences in his decision, among other things stated as follows:

" * * * As in the case of the notation 'Duff's' contained in the composite mark disclosed in the application of respondent involved in said Opposition No. 17,399, it seems to the examiner that many purchasers of respondent's goods are likely to rely primarily upon the corresponding feature of the registration here in question for the purpose of distinguishing the latter's goods from like goods sold by others. * * * ", and for substantially the same reasons given by him in appeal No. 4608 recommended that the registration be cancelled.

Upon appeal the Commissioner of Patents agreed with the examiner and in his decision stated:

" * * * It was the examiner's opinion, with which I am constrained to agree, that the name 'Duff's' as used in the mark is the feature upon which purchasers are most likely to rely in distinguishing respondent's goods from the like goods of others. In other words, the name is the dominant portion of the mark.

"Petitioner uses the name 'Duffy's,' in association with the word 'Malt,' as a trade-mark for malt whisky; and respondent concedes that upon the record presented such use antedates its own use of the registered mark.

"I am clearly of the opinion that the concurrent use of the two marks in question, in connection with substantially identical merchandise of the character here involved, would be reasonably likely to confuse the public to petitioner's probable damage, and that the petition to cancel respondent's registration was properly sustained.

"Because 'Duff' is a part of respondent's name, respondent insists that its right to use the word is incontestable. Be that as it may, it does not necessarily follow that respondent is entitled to the registration thereof, either alone or in combination. So far as the Patent Office is concerned this point was conclusively determined by the Court of Customs and Patent Appeals in the case of J. B. Williams Co. v. Williams, 48 F.2d 398, 18 C.C.P.A., Patents, 1133 * * * ."

Since the pertinent facts are the same here as they are in appeal No. 4608, and we there concluded that the opposition had been properly sustained, it is not necessary here to again recite our reasons for concluding here that the concurrent use of their involved marks by the parties would be reasonably likely to cause confusion, and it follows that by reason of prior use by appellee of its mark appellant should not have been allowed his involved registration.

The decision of the Commissioner of Patents will be affirmed.

### Appeal No. 4610.

This proceeding involves the cancellation of the registration of appellant's trademark No. 304,411, registered July 4, 1933, under said Act of March 19, 1920, upon an application filed April 11, 1933. The mark consists of the single word "Duff's".

The tribunals of the Patent Office held that mark to be confusingly similar to appellee's notation "Duffy's" appearing in appellee's trade-mark.

Appellee contends here that no appeal is authorized to this court by the said act of 1920 and cites in support of its contention the case of Postum Cereal Co., Inc., v. California Fig Nut Co., 54 App.D.C. 285, 297 F. 544, appeal dismissed, 272 U. S. 693, 47 S.Ct. 284, 71 L.Ed. 478, and United States Compression Inner Tube Co. v. Climax Rubber Co., 53 App.D.C. 370, 290 F. 345.

The Postum Cereal case, supra, is based upon what appears to us to be the sound reasoning in the Compression Inner Tube case, supra, and we can see no reason why we should depart from the law as established by those cases. Our jurisdiction in trade-mark appeals is that formerly vested in the Court of Appeals of the District of Columbia, now the United States Court of Appeals for the District of Columbia. Said Act of 1920 has not been amended since the date of those cases with respect to providing any appeal from the decision of the commissioner thereunder. We followed the Compression Inner Tube case, supra, in Re Railley Corp., 119 F.2d 595, 28 C.C.P.A., Patents, 1122, and In re Cohen, Goldman & Co., Inc., 119 F.2d 599, 28 C.C.P.A., Patents, 1141.

While no formal motion was made by appellee to dismiss, it is urged in its brief that this court has no jurisdiction to entertain this appeal. A point challenging jurisdiction of a court may be raised at any stage of a proceeding and furthermore the court sua sponte may and should, if it becomes apparent it has no jurisdiction under the plain provisions of law, as it appears in this case, dismiss the appeal. Therefore the appeal No. 4610 should be dismissed.

For the reasons herein stated the decision of the Commissioner of Patents is affirmed in appeal No. 4608 in upholding the decision of the Examiner of Interferences sustaining the opposition; his decision in appeal No. 4609 is affirmed; and appeal No. 4610 is dismissed.