35 C.C.A. (Patents)

**STANCO, Inc. v. WAVERLY PETROLEUM PRODUCTS CO.**

Patent Appeal No. 5358.

Court of Customs and Patent Appeals.

April 30, 1948.

Thomas L. Mead, Jr., of Washington, D.C., for appellant.

Joshua R. H. Potts, of Chicago, Ill., for appellee.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

PER CURIAM.

On October 29, 1947, this court entered an order, at the suggestion of counsel for each of the parties, reversing the decision of the Commissioner of Patents in the above entitled case. In conformity with our order, a mandate was issued by the court on the eighth day of December, 1947.

On April 8, 1948, the Solicitor for the Patent Office filed a request on behalf of the Commissioner of Patents "that the Court consider the propriety of reopening the case and modifying its decision to include a determination of the merits, and entering Judgment accordingly." In making that request the solicitor called the court's attention to Sec. 4914, R.S., U.S.C., title 35, sec. 62, 35 U.S.C.A. § 62, which provides, in substance, that the court shall hear and determine appeals to it from the Patent Office and revise the decisions appealed from as to the points set forth in the reasons of appeal; that it would appear from our mandate in the case that the judgment reversing the decision of the Commissioner of Patents was rendered solely on the ground that the parties had agreed that such an order and judgment be rendered; and that the court had not given consideration to the merits of the case as presented and decided by the Commissioner of Patents.

It appears that subsequent to the appeal filed in this court, appellee filed a written abandonment of its trade-mark and its right to the registration thereof, and that it was because of that action on the part of appellee that the action, hereinbefore stated by counsel for the parties and by the court, was taken. Having filed in the Patent Office and in this court an abandonment of its trade-mark and its application for registration under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., appellee, thereafter, was not entitled to the registration of its trade-mark, and the issues raised by the notice of opposition and the reasons of appeal in this court became moot.

In reversing the decision of the Commissioner of Patents, it should be understood that the court had given no consideration to the merits of the commissioner's decision.

Although the matter is purely technical, so far as the rights of the parties are concerned, we think the better course to have pursued in this case would have been to hold that in view of appellee's abandonment of its mark the issues raised by the reasons of appeal had become moot, and to have dismissed the appeal with the understanding that appellee's mark should not be registered. Having reached that conclusion after mature deliberation, our original order reversing the decision of the Commissioner of Patents is revoked and the mandate issued thereon withdrawn. We are of opinion, however, that it is wholly unnecessary for the court to reopen the case and modify its decision "to include", as stated in the request of the Solicitor for the Patent Office, "a determination of the merits * *."

It is unthinkable that the Congress intended that this court, in a case such as this where it is legally improper for the Patent Office to register appellee's mark, should consider whether the commissioner was right in deciding the case on the evidence before him.

Owing to the fact that appellee is not entitled to the registration of its mark, and as the issues raised by the reasons of appeal have become moot, the appeal is dismissed.

Dismissed.