## VITA-VAR CORPORATION v. ALUMA-TONE CORPORATION.

### No. 8413-Y.

United States District Court,
S. D. California, Central Division.

March 11, 1949.

Findings of Fact and Conclusions of Law
April 1, 1949.

Lyon & Lyon, Leonard S. Lyon and Charles G. Lyon, all of Los Angeles, Cal., for plaintiff.

Fred H. Miller, of Los Angeles, Cal., and Charles S. Evans and Hugh N. Orr, both of San Francisco, Cal., for defendant.

YANKWICH, District Judge.

The above-entitled cause heretofore tried, argued and submitted, is now decided as follows:

Judgment is ordered as follows: (1) that plaintiff take nothing by the Complaint against the defendant, and (2) that defendant take nothing by the counterclaim against the plaintiff. Neither side to recover costs.

### Comment

The litigation relates to Trade Mark Registration No. 252,109. I am led to the conclusion that the plaintiff has not proved itself entitled to recover either for infringement of this trademark or unfair competition in relation to it. The essential principles governing trademarks and unfair competition are contained in several very recent decisions in this Circuit. See, Brooks Brothers v. Brooks Clothing of California, D.C.Cal.1945, 60 F.Supp. 442; Lerner Stores Corporation v. Lerner, 9 Cir., 1937, 162 F.2d 160; Stork Restaurant v. Sahati, 9 Cir., 1948, 166 F.2d 348; Palmer v. Gulf Publishing Co., D.C.Cal.1948, 79 F.Supp. 731; Safeway Stores, Inc., v. Dunnell, 9 Cir., 1949, 172 F.2d 649.

The fundamental problem here arises from the alleged similarity between "Alumikote", the trademark of the plaintiff, and "Alumatone", the mark of the defendant.

The evidence before me compels the conclusion that there is such dissimilarity in the sound and appearance ("oral and visual", to use the terms of the plaintiff), and in the meaning of the coined words and in the products to which they apply, that there is no likelihood that confusion will arise from their use. More, no instances of confusion are shown to have arisen during the ten-year period of concurrent use in the same territory. Nor is there any evidence of imitation of labels either as to design, color or other distinctive characteristics used to identify the products. See, Modesto Creamery v. Stanislaus Creamery Co., 1914, 168 Cal. 289, 142 P. 845; Carolina Pines,

Inc. v. Catalina Pines, 1932, 128 Cal.App. 84, 16 P.2d 781; California Prune & Apricot Growers' Ass'n v. H. R. Nicholson Co., 1945, 69 Cal.App.2d 207, 158 P.2d 764; Jackman v. Mau, 1947, 78 Cal.App.2d 234, 177 P.2d 599; Physicians Electric Service Corp. v. Adams, 1947, 79 Cal.App.2d 550, 180 P.2d 422; California Fruit Growers Exchange v. Windsor Beverages, 7 Cir., 1941, 118 F.2d 149; Palmer v. Gulf Publishing Co., D.C.Cal.1948, 79 F.Supp. 731. On the contrary, the defendant's labels carry their own distinctive designs originated by its printers in entire ignorance of the plaintiff's mark or label. See, Majestic Mfg. Co. v. Majestic Electric Appliances Co., 6 Cir., 1949, 172 F.2d 862.

■ At the same time, I am of the view that plaintiff's mark is not a mere combination of descriptive words, but a combination which has enough deviation from the common use of words and parts of words to make its registration as a trademark valid.

Hence the ruling above made.

Findings and judgment to be prepared by counsel for the defendant under Local Rule 7.

### Findings of Fact and Conclusions of Law

The above entitled cause having come on to be heard before the Honorable Judge Leon R. Yankwich on the issues joined, and the cause having been brought to a final hearing upon the pleadings and proofs adduced by both parties, and counsel for the respective parties having been duly and fully heard; the court, after due consideration, having heretofore made and entered its decision, makes the following findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiff Vita-Var Corporation is a corporation of the State of New Jersey, and is successor to Goheen Corporation of New Jersey.

2. Plaintiff and its predecessors have used and advertised the term "Alumikote" in connection with its manufacture and sale of aluminum paint; and plaintiff is the present owner of Registration No. 252,-109, registered January 22, 1929 to Goheen Corporation of New Jersey for a trademark comprising the term "Alumikote".

3. The aluminum paint products to which plaintiff and its predecessor have applied the mark "Alumikote", and which are sold to the public through retail dealers, comprise a vehicle packed in one container and an aluminum flake pigment packed in a separate container to be mixed with the vehicle by the user shortly before the time of use.

4. Defendant Alumatone Corporation is a corporation of the State of California, having its principal place of business at Los Angeles, California, in the Southern District of California, Central Division.

5. Defendant has heretofore adopted the mark "Alumatone" for use upon aluminum paint products and other paints, and has used said mark upon such products and paints continuously since August, 1939.

6. The aluminum paint upon which defendant has used the mark "Alumatone" is a ready-mixed paint product in which aluminum flakes are mixed at the factory with a vehicle containing a stabilizing agent for stabilizing the product, the vehicle and pigment being packaged and sold to the retail trade in ready-mixed condition.

7. The terms "Alumikote" and Alumatone" are dissimilar in sound.

8. The terms "Alumikote" and "Alumatone" are dissimilar in appearance.

9. The terms "Alumikote" and "Alumatone" are dissimilar in meaning.

10. The goods on which the terms "Alumikote" and "Alumatone" are used by the respective parties, and which are sold to the general public through retail dealers, are distinguishable and are unlikely to be confused by the public.

11. Defendant has not imitated the labels of plaintiff in design, color or other distinctive characteristic.

12. Defendant's labels carry distinctive designs originated by or for it in ignorance of plaintiff's mark and labels.

13. Plaintiff's and defendant's respective marks have been used by them concurrently in the same territory for the past ten years during which period no instances of confusion were shown to have arisen.

14. The terms "alumi" and "aluma" are combining forms derived from the word

216

"aluminum", and have been commonly used in combination with other words or derivatives in connection with aluminum paints since prior to the first use of plaintiff's mark "Alumikote".

15. Plaintiff's mark "Alumikote" is a combination of terms which has enough deviation from the common use of descriptive words or parts of words to make its registration as a trade-mark valid.

16. Defendant's use of its mark "Alumatone" does not infringe any of plaintiff's rights in the mark "Alumikote".

17. Defendant has not competed unfairly with plaintiff in connection with the sale of defendant's products.

### Conclusions of Law

1. The court has jurisdiction in the cause as to all of the claims of the respective parties alleged in the complaint and counterclaim herein.

2. Plaintiff is not entitled to any relief against defendant under its complaint herein; and plaintiff's complaint, and each of the counts thereof, should be dismissed, without costs.

3. Defendant is not entitled to relief against plaintiff under its counterclaim herein; and said counterclaim should be dismissed, without costs.