183 F.2d 612
 ALUMATONE CORPORATION
v.
VITAVAR CORPORATION.
 Patent Appeal No. 5683.
 United States Court of Customs and Patent Appeals.
 June 30, 1950.
 
 Hugh N. Orr, San Francisco, Cal., for appellant.
 S. Michael Ress, New York City, for appellee.
 Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Judges.
 JACKSON, Judge.
 
 
 1
 On February 16, 1944, appellant filed its application, serial No. 474,264, to register its trade-mark "Alumatone," as applied to "Ready Mixed Aluminum Paint, Primers and Oil Paints," pursuant to the Trade-Mark Act of February 20, 1905, 33 Stat. 724, as amended. It was stated in the application that the trade-mark had been continuously used and applied to appellant's goods in its business since August 1, 1939.
 
 
 2
 The application was examined and passed for publication in compliance with Section 6 of the act, and published in the Official Gazette of January 9, 1945.
 
 
 3
 Subsequent to the said publication, on February 6, 1945, appellee, engaged in the business of manufacturing paints, varnishes, enamels, lacquers, water-proofing produts, and kindred materials, filed a notice of opposition to the registration of appellant's mark. The notice of opposition relates only to the confusion in trade clause of Section 5 of the act, as a statutory ground for barring the right of appellant to register its mark.
 
 
 4
 The notice of opposition was sustained and it was further adjudged by the Examiner of Interferences that appellant is not entitled to the registration sought. Upon appeal, the Commissioner of Patents affirmed the holding of the examiner, 76 U.S.P.Q. 266. From that decision this appeal was taken.
 
 
 5
 After the appeal had been duly perfected in this court and subsequent to the time when appellee could have elected further proceedings under the provisions of R.S. § 4915, 35 U.S.C. § 63, 35 U.S.C.A. § 63, it filed a civil action against appellant in the District Court of the United States for the Southern District of California, Central Division, entitled Vita-Var Corp. v. Alumatone Corp., charging infringement of its registered mark, here involved, and praying for injunctive relief and an accounting for profits and damages. Appellant, answering, filed a counterclaim for a declaratory judgment holding appellee's registration to be invalid, or, if it were found to be valid, to be not infringed by appellant. It is said that most of the documentary evidence and exhibits appearing in the Patent Office proceedings herein were also placed in evidence at that trial.
 
 
 6
 The court, in its decision, 83 F.Supp. 214, ordered that the plaintiff take nothing by its complaint against the defendant; that the defendant take nothing by the counterclaim against the plaintiff; and that neither side recover costs.
 
 
 7
 The court in its decision on the evidence before it, concluded that there is dissimilarity in both sound and appearance of the marks of the parties; that both marks were coined words; and that no likelihood of confusion will arise from their concurrent use. The court noted that during the ten year period of concurrent use in the same territory no instances of confusion had been shown, nor was there any evidence of imitation of labels in any respect.
 
 
 8
 No appeal was taken by either party from the decision of the district court and, therefore, the judgment became final.
 
 
 9
 Appellant's brief herein was filed September 30, 1949, and prior to the filing date of the brief for appellee, February 27, 1950, a stipulation was entered into between counsel for the parties dated November 15, 1949, addressed to this court wherein it was stipulated and agreed, upon consent of this court and the tribunals of the Patent Office, that the said decision rendered in the District Court of the United States be accepted as binding and that it be followed by this court and the Patent Office in their further rulings and decisions, so that appellee's opposition would be withdrawn and appellant's trade-mark duly registered.
 
 
 10
 The tribunals of the Patent Office, of course, were without jurisdiction to consent to the stipulation for the reason that they had no power to do so after the notice of appeal by appellant was filed and it is obvious that this court cannot be bound in its judgment by the terms of any such stipulation.
 
 
 11
 Counsel for appellant, in their brief, while they rely on all of the alleged errors set forth in their reasons of appeal, further contend that the judgment of the District Court in California should result in the application of the rule of res judicata here, stating that "appellant's right to use its trade-mark has been affirmed by a decision which is final and conclusive as between the parties." That particular statement is correct. However, there is a clear difference between the right to use a trade-mark and the statutory right to register the same. This court, in the case of Van Camp Sea Food Co., Inc., v. Alexander B. Stewart Organizations, 50 F.2d 976, 978, 18 C.C.P.A., Patents, 1415, noted its jurisdiction and function with respect to those two different rights. It was stated that: "Under the statute our duties in reviewing decisions of the Commissioner of Patents in trade-mark cases are quite different from those of a District or Circuit Court of Appeals in actions such as have been hereinbefore referred to. We determine the correctness of the commissioner's ruling on the registrability of the trademark. The District and Circuit Courts of Appeals, in the above cases, were not concerned with this question. Our jurisdiction involves the question of the right to register, while the jurisdiction in the cases above referred to involves the right to use. California Packing Corp. v. Tillman & Bendel, 40 F.2d 108, 17 C.C.P.A., Patents, 1048; B. F. Goodrich Co. v. Hockmeyer, 40 F.2d 99, 17 C.C.P.A., Patents, 1068." (Italics quoted.)
 
 
 12
 In the case of Application of Isler, 152 F.2d 1002, 33 C.C.P.A., Patents, 791, we quoted from our decision in the case of In re Langsner, 139 F.2d 512, 31 C.C.P.A., Patents, 785, as follows:
 
 
 13
 "Under the statute our jurisdiction is limited in cases of this character to a review of `the evidence produced before the commissioner,' and our revision must be `confined to the points set forth in the reasons of appeal', Section 4914, R.S. (U.S. C., title 35, sec. 62 [35 U.S.C.A. § 62]).
 
 
 14
 "Obviously we may not, in deciding this case, consider facts affecting its merits occurring after appellant's appeal was taken."
 
 
 15
 While the Isler and Langsner cases, supra, were ex parte in their character, nevertheless, in trade-mark opposition proceedings we are just as surely "confined to the points set forth in the reasons of appeal" as we are in other cases.
 
 
 16
 It appears to us that what was said in the case of Meuer et al. v. Schellenger, 104 F.2d 949, 26 C.C.P.A., Patents, 1430, is apposite here. "Since we are bound, in this jurisdiction, by the record as made before the tribunals of the Patent Office, we can give no consideration to the decision of the Circuit Court of Appeals above cited, made on a different record."
 
 
 17
 Obviously, we may not, in deciding this case, consider facts affecting its merits in a different cause of action brought after this appeal had been perfected. Therefore, we hold that the contention of counsel for appellant that the doctrine of res judicata should be applied is improper and that appeals such as this are here to be decided on their merits, as they always have been by this court, upon the alleged errors appearing in the reasons of appeal based on the record in the Patent Office.
 
 
 18
 Testimony was taken by both parties and a great number of paper exhibits, including folders, circular letters, catalogues, labels, invoices, and the like, were received in evidence. Briefs were filed and both parties were represented at the hearing before the Examiner of Interferences.
 
 
 19
 It appears that appellant employs its mark on several types of paint, including a ready-mixed, prepared aluminum paint which is dispensed in a single container ready for use by the consumer, and the paint of appellee comprises coloring matter and a carrier or liquid portion thereof placed in separate containers which must be mixed before being used.
 
 
 20
 For the reason that the paint products of the parties to which their marks are applied are competitive, we are of opinion that they possess the same descriptive properties, as was held by the tribunals of the Patent Office.
 
 
 21
 We also agree, as was held below, that the respective prefixes "Aluma" and "Alumi," while not words of speech, are clearly suggestive of the presence of aluminum in the paints sold by the parties, but those two expressions, in our opinion, constitute the only similarity in appearance and sound in the trade-marks. The marks, taken as a whole, do not look alike, nor sound alike, nor have they the same or similar meaning. Certainly, the last syllable "Tone" and "Kote" are clearly and distinctly different in appearance, in sound, and in any meaning that may be attached to such syllables.
 
 
 22
 We think we may take judicial notice of the widespread use of terms indicating or suggesting the presence of aluminum, such as "Aluma" and "Alumi." Therefore, it necessarily follows that we must hold such and similar expressions to be in the public domain. Because, in our judgment, the last syllables of the marks of the parties are so distinctly different, as hereinbefore noted, and the marks considered as a whole differ in appearance, sound and meaning, it necessarily follows that we reverse the decision of the commissioner and hold that the mark of appellant is entitled to registration.
 
 
 23
 The commissioner, in his opinion, cited the case of Chatham Pharmacouticals, Inc., v. Reserve Research Co., 159 F.2d 869, 34 C.C.P.A.,Patents, 886, as being pertinent to its holding here. The issue in that case arose between the trade-marks "Aluminoid" and "Aloloid." In affirming the decision of the tribunals of the Patent Office sustaining the opposition to the registration of the mark "Aluminoid," we held that that mark was confusingly similar to the opposer's registered mark "Aloloid," as applied to goods of the same descriptive properties.
 
 
 24
 While we have stated many times and reiterate here, that the citing of decisions in trade-mark cases is of little value in subsequent litigation, we would point out with respect to the respective marks in the Chatham case, supra, that their concurrent use on goods of the same descriptive properties would certainly and inevitably be likely to cause confusion in the minds of purchasers for the reason that the first syllable and the last syllable are identical, the only difference between the marks being in the sound and appearance of the second and third syllables of "Aluminoid" and the second syllable of "Aloloid." Those marks not only look alike to one who is not particularly interested in scrutinizing them, but they sound alike and if any meaning is to be attached to them, it must be that the products of the parties to which the marks are applied comprise aluminum in some form or another. Therefore, we are not in accord with the decision of the commissioner in holding that the decision in the Chatham case, supra, is pertinent here.
 
 
 25
 A motion by appellee to correct diminution of the record was allowed subject to taxation of costs for the additional printed matter. For the reason that the only issue before us here is confusing similarity of the marks, as before set out, we find that the added material was not necessary nor did it aid us in our decision. The cost of the added material will, therefore, be taxed against appellee.
 
 
 26
 For the reasons hereinbefore set out the decision of the Commissioner of Patents is reversed.
 
 
 27
 Reversed.
 
 
 28
 O'CONNELL, Judge (specially concurring).
 
 
 29
 The issue hereinbefore considered and determined by this court was previously litigated and determined by the judgment of the District Court for the Southern District of California in an infringement suit, 83 F.Supp. 214.
 
 
 30
 The court has merely appropriated the findings of the infringement suit and substituted them here as a ground of reversal for the original findings of the Patent Office.
 
 
 31
 The court at the same time asserts, however, that the findings of the District Court are out of the question and are not res judicata because the appellant has not included them in the reasons of appeal. The precise point was raised prior to the turn of the century and squarely overruled by the Court of Appeals for the District of Columbia from whom we subsequently derived our jurisdiction. In re Drawbaugh, 9 App.D.C. 219.
 
 
 32
 The Court of Customs and Patent Appeals has also promulgated the rule that it will apply the appropriate law to the facts in a given case on appeal, even though in so doing it is necessary for the court to pass upon questions not considered by the tribunals of the Patent Office and not raised by the reasons of appeal. The Coschocton Glove Company v. Buckeye Glove Company, 90 F.2d 660, 664, 24 C.C.P.A., Patents, 1338, 1343.
 
 
 33
 This court on the same point has also held that the stipulation of the parties is binding upon the court in the disposition of a pending appeal, although the subject matter of the stipulation was not, and, as in the instant case, could not have been raised by the reasons of appeal. Stanco Incorporated v. Waverly Petroleum Products Company, 168 F.2d 319, 35 C.C.P.A., Patents 1195.
 
 
 34
 The court has by its decision here incidentally perpetuated the long but polite and famous controversy between this court and the distinguished courts of California relative to the binding effect of their respective judgments. In that series of repetitious litigation this court rendered the decision, among others, in the case of Van Camp Sea Food Co., Inc., v. Alexander B. Stewart Organizations, 50 F.2d 976, 18 C.C.P.A., Patents, 1415.
 
 
 35
 There this court in one paragraph of its opinion pointed to the limitations with which its power was circumscribed, and in another paragraph sought to overrule not only the judgment of the District Court of Southern California but also a similar judgment of the United States Circuit Court of Appeals. Van Camp Sea Food Co. v. Westgate, Sea Products Co., 9 Cir., 28 F.2d 957. Ex parte Westgate Sea Products Co., 84 U.S.P.Q. 368; Derenberg's work on Trade-Mark Protection and Unfair Trading, 1936, pages 693-695.
 
 
 36
 The Commissioner of Patents when confronted with those conflicting decisions has considered himself governed by the decisions of the Court of Customs and Patent Appeals. Ex parte Westgate Sea Products Co., supra. However, he has recently and properly rejected the judgment of this court in favor of a judgment of the Circuit Court of Appeals, Fourth Circuit, Dixi-Cola Laboratories, Inc., v. Coca-Cola Co., 117 F.2d 352, rendered in an infringement suit, which determined an identical issue of fact subsequently involved in an application for the registration of a trademark. The Coca-Cola Company v. Santa Cola Company, 85 U.S.P.Q. 426.
 
 
 37
 Documents supported by the oral evidence of witnesses in a suit for infringement ordinarily delineate the issue in a stronger and clearer light than is produced merely by the papers themselves in an opposition proceeding.
 
 
 38
 In other words, findings of fact derived from what might be called conference table consideration are not as a rule clear cut and complete like the findings of fact based upon additional extrinsic evidence produced in open court by recourse to the market place and the consuming public. Philadelphia Inquirer Co. v. Coe, 77 U.S.App.D.C. 39, 133 F.2d 385.
 
 
 39
 There is however no basis for the obvious presumption asserted in the reversal of the tribunals of the Patent Office that the marks here in issue, "Alumatone" and "Alumikote," taken as a whole, do not look alike, nor sound alike, nor do they have the same or similar meaning. The tribunals of the Patent Office in the determination of the instant case relied upon the doctrine of this court expressed in the case of Chatham Pharmaceuticals, Inc., v. Reserve Research Co., 159 F.2d 869, 34 C.C.P.A., Patents, 886. The issue in that case involved the trade-marks "Aluminoid" and "Aloloid" and this court, the late Judge Hatfield writing the opinion, held that such marks were confusingly similar when used on goods of the same descriptive properties.
 
 
 40
 Some courts have been most liberal toward the applicant in construing the mandate of the statute relative to the registration of marks challenged as confusingly similar. Courts whose judges were subsequently appointed to the Bench of the Supreme Court of the United States, however, have not hesitated in a proper case to extend the protection of the statute to the prior owner of a valid mark whose rights were invaded by the action of a newcomer. Philadelphia Inquirer Co. v. Coe, supra; Smith v. Dental Products Co., 7 Cir., 140 F.2d 140, certiorari denied 322 U.S. 743, 64 S.Ct. 1146, 88 L.Ed. 1576.
 
 
 41
 Other fallacies in the position taken by the court in the disposition of this appeal are disclosed by the following opinion prepared and submitted months ago with the view that it would be adopted as the majority opinion.
 
 
 42
 This is an appeal from the decision of the Commissioner of Patents, 76 U.S.P.Q. 266, affirming that of the Examiner of Interferences who sustained appellee's opposition to the registration of appellant's mark "Alumatone" on the ground that, upon the facts presented by the testimony of both parties in the form of depositions, registration of that mark would be likely to cause confusion in trade by reason of appellee's prior use and registration of its mark "Alumikote."
 
 
 43
 The goods with which the contested marks are used are practically identical and consist of aluminum paints. However, appellant's product is ready mixed; appellee's is not.
 
 
 44
 Appellant before taking this appeal filed a petition in the Patent Office for a rehearing contending broadly that the decision rendered by the Commissioner of Patents was not supported by the facts of record and again urging that the two marks are clearly different in sound, appearance, and meaning. The commissioner denied the petition and fully set forth the reasons for such denial, 76 U.S.P.Q. 617.
 
 
 45
 Thereafter and while this appeal was pending, appellee instituted an action against appellant in the District Court for the Southern District of California alleging infringement of the mark "Alumikote" and unfair competition in relation to it. Appellee there asked for injunctive relief, together with an accounting for profits and damages, on the basis that appellant's mark "Alumatone" was confusingly similar in sound, appearance, and meaning to appellee's mark "Alumikote." Appellant filed a counterclaim and demanded damages and costs. Appellant's counterclaim, among other things, was for a declaratory judgment that appellee's involved registration of "Alumikote" is invalid, or, if not invalid, not infringed.
 
 
 46
 The cause was tried, argued, and submitted. Thereafter the court adjudged that appellant's counterclaim therein be dismissed, that the parties to the action were entitled to no damages from each other, and that neither side was to recover costs. Vita-Var Corp. v. Alumatone Corp., D.C., 83 F.Supp. 214.
 
 
 47
 The District Court in rendering judgment against appellee, based its conclusions of law on specific findings of fact distinctly set forth in the officially reported opinion of that court and therein summarized as follows:
 
 
 48
 "The fundamental problem here arises from the alleged similarity between `Alumikote', the trademark of the plaintiff, and `Alumatone', the mark of the defendant.
 
 
 49
 "The evidence before me compels the conclusion that there is such dissimilarity in the sound and appearance (`oral and visual', to use the terms of the plaintiff), and in the meaning of the coined words and in the products to which they apply, that there is no likelihood that confusion will arise from their use. More, no instances of confusion are shown to have arisen during the ten-year period of concurrent use in the same territory. Nor is there any evidence of imitation of labels either as to design, color or other distinctive characteristics used to identify the products. * * * On the contrary, the defendant's labels carry their own distinctive designs originated by its printers in entire ignorance of the plaintiff's mark or label. * * *" Appellant alleges in its brief, and the statements have not been denied by appellee, that most of the documentary evidence and exhibits introduced in the opposition proceeding in the Patent Office were also placed in evidence at the trial, and that the evidence included also the testimony of witnesses given in open court. There is no reference in the decision of the District Court, however, as to the concurring decisions of the examiner and the Commissioner of Patents which had been previously rendered by them relative to the question of fact as to the confusing similarity of the marks decided adversely to appellant in the proceedings in the Patent Office.
 
 
 50
 Following the judgment by the District Court, appellant and appellee entered into a stipulation whereby the respective parties mutually accepted the described judgment not only as binding upon them and conclusive as to their respective rights to the use of their trade-marks but also as controlling of the issue presented to this court. The stipulation, dated November 15, 1949, among other things, further provided: "Now, therefore, it is hereby stipulated and agreed, this Honorable Court and the Patent Office tribunals consenting that the said decision of the District Court of the United States for the Southern District of California, Central Division be accepted as binding upon and that it be followed by this Court and the Patent Office tribunals in their further rulings and decisions in these proceedings, all to the end result that appellee's opposition be withdrawn and appellant's trade-mark, heretofore allowed and passed to publication by the Patent Office, be duly registered." (Italics supplied.)
 
 
 51
 The foregoing stipulation was not accepted by the Patent Office which lost jurisdiction over the subject matter of the appeal pending its disposition by this court. In re Allen, Jr., 115 F.2d 936, 28 C.C.P.A., Patents, 792. The stipulation is not binding upon this court because of the public interest with reference to the registration of a trade-mark. Schering & Glatz, Inc., v. Sharpe & Dohme, Inc., 146 F.2d 1019, 32 C.C.P.A., Patents, 827.
 
 
 52
 Such a stipulation was accepted as binding upon this court in a pending appeal, however, where the trade-mark was abandoned and the application for its registration withdrawn after the appeal was taken here. Stanco, Inc., v. Waverly Petroleum Products Co., 168 F.2d 319, 35 C.C.P.A., Patents 1195.
 
 
 53
 Appellant contends that the question or fact here involved has been put in issue and directly determined by court of competent jurisdiction; that the issue is therefore res judicata, and that this court is estopped from consideration of the appeal by the previous judgment of the District Court, copy of which, together with the court's findings, is attached to the stipulation hereinbefore described.
 
 
 54
 A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery cannot be disputed but must be taken as conclusively established in a subsequent suit between the same parties, even if the second suit is for a different cause of action, so long as the judgment in the first suit remains unmodified. Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 27, 42 L.Ed. 355.
 
 
 55
 The Supreme Court in the cited case stated the rule hereinbefore described and gave the following explanatory reason therefor: "This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them."
 
 
 56
 The doctrine was also fully considered and determined by the Supreme Court in the cases of Nesbit v. Riverside Independent District, 144 U.S. 610, 618, 12 S.Ct. 746, 36 L.Ed. 562, and Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898. In the case last cited, the late Mr. Justice Murphy, having explained the recognized meaning and scope of res judicata, a doctrine judicial in origin, stated:
 
 
 57
 "* * * Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel. In this sense, res judicata, is usually and more accurately referred to as estoppel by judgment, or collateral estoppel. See Restatement of the Law of Judgments, §§ 68, 69, 70; Scott, Collateral Estoppel by Judgment,' 56 Harv.L.Rev. 1.
 
 
 58
 * * * * * *
 
 
 59
 "* * * That principle is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally. * * *"
 
 
 60
 The Supreme Court of the United States, the various federal district courts, and circuit courts of appeal are courts of competent jurisdiction wherein the doctrine of res judiciata, or estoppel by judgment, is enforced. Certain of those courts on occasion have refused, however, to abide by the decisions of the Court of Customs and Patent Appeals on the alleged ground that this court is an administrative tribunal but not a court of competent jurisdiction.
 
 
 61
 That question was distinctly put in issue and directly determined to the contrary in the recent case of Chase v. Coe, 74 App. D.C. 152, 122 F.2d 198, 200. There counsel for the appellant urged the Court of Appeals for the District of Columbia to ignore the previous decision of the Court of Customs and Patent Appeals on the ground that our court is an administrative court whose decisions are binding upon the Commissioner of Patents but not upon other courts of competent jurisdiction in a subsequent proceeding under R.S. § 4915, 35 U.S.C. § 63, 35 U.S.C.A. § 63.
 
 
 62
 The Court of Appeals for the District of Columbia in overruling that contention, in holding that the involved issue was res judicata, and in deciding that the appellant was therein estopped by the previous decision of the Court of Customs and Patent Appeals, Chief Justice Groner, delivering the opinion for the court, stated: "The ingenious argument of Counsel in this respect is well done, but we are unable to find any legal or logical basis on which to sustain it. We think, as we have said in our former opinions, that the decision of the Court of Customs and Patent Appeals, after submission of the case to it without protest, is conclusive as to all the matters adjudicated by it. The anomalous procedure of a new appeal through an equity proceeding never was intended and, as we have already suggested, would defeat the purpose of the 1927 amendments to R.S. § 4915, which was to limit resort to that section to cases in which the option to go to the Court of Customs and Patent Appeals had not been availed of."
 
 
 63
 In this connection see also Jensen v. Lorenz, 92 F.2d 992, 68 App.D.C. 39, certiorari denied, 302 U.S. 751, 58 S.Ct. 271, 82 L.Ed. 581; Hemphill v. Coe, 74 App. D.C. 123, 121 F.2d 897, and McBride v. Coe, D.C., 50 F.Supp. 286, together with the numerous authorities therein cited and discussed.
 
 
 64
 The doctrine of res judicata, or estoppel by judgment, has been applied by the Court of Customs and Patent Appeals in a second suit where the first judgment was rendered by this court. In re McKee, 96 F.2d 294, 25 C.C.P.A., Patents, 1064; Winkelmann v. Calvert, 154 F.2d 1012, 33 C.C.P.A., Patents, 1206.
 
 
 65
 This court has overruled the doctrine, however, where the previous judgment relied upon as a ground of recovery in the second suit was rendered by a federal court other than our own. Van Camp Sea Food Co., Inc., v. Westgate Sea Products Co., 48 F.2d 950, 18 C.C.P.A., Patents, 1311; Van Camp Sea Food Co., Inc., v. Alexander B. Stewart Organizations, 50 F.2d 976, 18 C.C.P.A., Patents, 1415.
 
 
 66
 Notwithstanding the stipulation hereinbefore set forth, appellee, citing Van Camp Sea Food Co. v. Alexander B. Stewart Organizations, supra, contends, amiably but vigorously, that while the judgment of the District Court is entitled to great respect, such judgment is to be regarded here merely as persuasive, but by no means conclusive, and should be ignored.
 
 
 67
 In here seeking to have the court redetermine the precise question of fact previously determined by the District Court of California, appellee, contends, in detail, that the involved marks are confusingly similar in sound, appearance, and meaning and urges that the earlier and concurring decisions of the tribunals of the Patent Office holding that the marks are confusingly similar should be herein affirmed.
 
 
 68
 The case of Van Camp Sea Food Co. v. Alexander B. Stewart Organizations, supra, upon which appellee relies, discloses that this court there rejected the doctrine of res judicata, or estoppel by judgment, reviewed certain findings of fact and the final judgment of the United State District Court for the Southern District of California, as well as the Circuit Court of Appeals, and not only refused to be bound thereby but also reached a directly opposite result.
 
 
 69
 The basis for such action on the part of this court was not predicated upon the ground that this court and the federal courts of California were not courts of competent jurisdiction, nor upon the ground that the question previously distinctly put in issue and directly determined by them was not substantially the same issue that was subsequently presented to this court for decision. Those two factors in both cases and in both courts were acknowledged to exist therein.
 
 
 70
 The basis for such action, as stated in the opinion of this court in the case relied upon here by appellee, was that in reviewing the decisions of the Commissioner of Patents in trade-mark cases "Our jurisdiction involves the question of the right to register," [50 F.2d 978] while the jurisdiction of such courts as the United States District Court and of the Circuit Court of Appeals for California under R.S. § 4915 "involves the right to use." The long array of repetitious litigation with which the cited case of our court has been identified for approximately a quarter of a century, and which is still being carried on, was partially reviewed in the recent case of Ex parte Westgate Sea Products Co., 84 U.S.P.Q. 368. See also Derenberg's work on Trade-Mark Protection and Unfair Trading, 1936, pages 693-695.
 
 
 71
 The registration of a trade-mark confers only procedural advantages and does not enlarge the registrant's substantive rights. Armstrong Paint and Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 324, 59 S.Ct. 191, 83 L.Ed. 195. The foundation of the right to register is user; that is, the previous and continuous use of a valid trade-mark in commerce among the several States, or with foreign nations, or with Indian tribes. Section 2, Trade-Mark Act of 1905, 33 Stat. 724; P. D. Beckwith's Estate v. Commissioner of Patents, 252 U.S. 538, 545, 40 S.Ct. 414, 64 L.Ed. 705.
 
 
 72
 Moreover, Mr. Chief Justice Taft in the case of Baldwin Co. v. Robertson, 265 U.S. 168, 179, 44 S.Ct. 508, 509, 68 L.Ed. 962, explicitly held, as far back as May 26, 1924, "that the assimilation of the practice in respect of the registration of trade-marks to that in securing patents as enjoined by section 9 of the Trade-Mark Act makes section 4915, R.S., providing for a bill in equity to compel the Commissioner of Patents to issue a patent, applicable to a petition for the registration of a trade-mark when rejected by the Commissioner. American Steel Foundries v. Robertson, 262 U. S. 209, 43 S.Ct. 541, 67 L.Ed. 953; Baldwin Co. v. R. S. Howard Co., 256 U.S. 35, 39, 41 S.Ct. 405, 65 L.Ed. 816; Atkins & Co. v. Moore, 212 U.S. 285, 291, 29 S. Ct. 390, 53 L.Ed. 515.
 
 
 73
 Appellee's argument in support of its position on the point in question is purely technical. Discriminatory distinctions with respect to matters of form which result in repetitious litigation are discouraged in law not only by the recognized rule of the Supreme Court hereinbefore described but also by the Trade-Mark Act of 1946, 15 U. S.C.A. § 1119, which specifically provides: Sec. 37. "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Commissioner, who shall make appropriate entry upon the records of the Patent Office, and shall be controlled thereby." (Italics supplied.)
 
 
 74
 The question of the right to register and the right to use, which may involve different causes of action, does not control the disposition of the case at bar where the facts supporting the opposition proceeding were substantially the same as the facts which supported the suit for infringement. See Seven Up Co. v. Cheer Up Sales Co., 8 Cir., 148 F.2d 909; General Finance Loan Co. v. General Loan Co., 8 Cir., 163 F.2d 709, 712; Best & Co., Inc., v. Miller, 2 Cir., 167 F.2d 374, certiorari denied, 335 U.S. 818, 69 S.Ct. 39, 93 L.Ed. 373; Sunbeam Corporation v. Sunbeam Furniture Corp. et al., D.C., 88 F.Supp. 852.
 
 
 75
 The suggestion has been made that even though the issue on appeal has become res judicata since the appeal was taken, the court is without jurisdiction to consider the question because under R.S. § 4914 our jurisdiction is limited to a review of the evidence produced before the commissioner and our revision of the decision appealed from must be confined to the points set forth in the reasons of appeal.
 
 
 76
 Our jurisdiction in trade-mark appeals, it should be here noted, is that formerly vested in the Court of Appeals for the District of Columbia, now the United States Court of Appeals for the District of Columbia Circuit. Macleay Duff (Distillers), v. Frankfort Distillers, Inc., 129 F.2d 695, 29 C.C.P.A., Patents, 1160.
 
 
 77
 In the case last cited, this court readily recognized the elementary rule of law that a point challenging the jurisdiction of a court to consider an appeal may be raised at any stage of the proceeding; that no formal motion need be made to dismiss the appeal on the ground that the court has no jurisdiction to entertain the appeal; that the matter of jurisdiction may be urged merely in the brief of a party, "and furthermore the court sua sponte may and should, if it be apparent it has no jurisdiction under the plain provisions of law, as it appears in this case, dismiss the appeal."
 
 
 78
 Moreover, the point in question has been squarely decided to the opposite effect in the case of In re Drawbaugh, 9 App.D.C. 219, wherein it was held not only that the Commissioner of Patents but also the Court of Appeals for the District of Columbia was bound to take judicial notice of the final judgment of a court of competent jurisdiction, regardless of the reasons of appeal, and that recourse to the officially reported opinion of the court may be had in determining what facts were put in issue and directly determined by the judgment.
 
 
 79
 United States courts of appeals, including the Supreme Court of the United States, take judicial notice, without plea or proof, of the findings of fact and the conclusions of law of the judicial opinions or decisions, in law and in equity, not only of their own courts but also of the courts of the several states and territories and of other courts of the United States. Pennington v. Gibson, 16 How. 65, 57 U.S. 65, 14 L.Ed. 847; Atlantic Fruit Co. v. Red Cross Line, 2 Cir., 5 F.2d 218; Hutchins v. Pacific Mut. Life Ins. Co. of California, 9 Cir., 97 F.2d 58, 59; Kirk v. Squier, 9 Cir., 150 F.2d 3, 5.
 
 
 80
 Where no opinion was written or officially published in the case whose judgment is relied upon as a ground of estoppel, a different situation is presented, and a different rule of procedure is involved since additional evidence is required in bringing the matter not only within the jurisdiction of this court but also to the attention of the tribunals of the Patent Office. In re Langsner, 139 F.2d 512, 31 C.C.P.A., Patents, 785; Application of Isler, 152 F.2d 1002, 33 C.C.P.A., Patents 791. See also Van Camp Sea Food Co., Inc., v. Alexander B. Stewart Organizations, supra.
 
 
 81
 No case presenting precisely the same situation that is here presented has been cited by appellant in support of its position. Appellant has submitted two cases, however, as illustrative of the prevailing practice in the Patent Office relative to the application in a pending appeal of the doctrine of res judicata, or estoppel by judgment.
 
 
 82
 The obligation of the Commissioner of Patents in a pending appeal to abide by a previous decision of the United States District Court for the Southern District of California based on the finding of fact established in an infringement suit, that the involved marks were confusingly similar, was recognized and applied by the commissioner in denying registration of the applicant's mark which was there involved. The Coca-Cola Company v. Los Angeles Brewing Co., 46 U.S.P.Q. 552, 553.
 
 
 83
 The decision of the Commissioner of Patents in the case of Nion Corporation v. Burroughs Wellcome & Co., (U.S.A.), Inc., 68 U.S.P.Q. 113, is also pertinent. The party Burroughs Wellcome & Co. took no appeal there from the commissioner's decision, awarding priority to the party Nion and holding it was entitled to the registration of the trade-mark "Avicap," but filed an action under R.S. § 4915 in the United States District Court for the Southern District of California.
 
 
 84
 The suit in equity just described resulted in a judgment that Burroughs Wellcome & Co. was entitled to the award of priority and the commissioner was thereby authorized and directed to grant such registration, Burroughs Wellcome & Co. v. Nion Corp., D.C., 60 F.Supp. 841. From that judgment, the party Nion did not appeal but allowed the decree to become final. Thereafter Nion petitioned the commissioner to ignore the judgment of the District Court. In denying the petition, the commissioner stated that the petitioner, having failed to appeal from the decision of the District Court for the Southern District of California was bound thereby, and so was the Commissioner of Patents, citing Gandy v. Marble, 122 U.S. 432, 7 S.Ct. 1290, 30 L.Ed. 1223.
 
 
 85
 The Commissioner of Patents in a recent ex parte proceeding involving an application for the registration of a trade-mark was faced with the dilemma of electing there between the conflicting judgments previously rendered on one of the points in issue by the Court of Customs and Patent Appeals on the one hand, Van Camp Sea Food Co. v. Westgate Sea Products Co., 48 F.2d 950, 18 C.C.P.A., Patents, 1311; Van Camps Sea Food Co. v. Alexander B. Stewart Organizations, 50 F.2d 976, 18 C.C.P. A., Patents, 1415, and the Circuit Court of Appeals, Ninth Circuit, Van Camp Sea Food Co., Inc., v. Cohn-Hopkins, 56 F.2d 797; Van Camp Sea Food Co. v. Westgate Sea Products Co., 28 F.2d 957, including the southern district of California, on the other hand. The commissioner recognized his predicament but elected to reject the involved application by reason of the adverse decision by this court on the point in question. Ex parte Westgate Sea Food Co., supra. From that decision by the commissioner, no appeal has been taken by the applicant to this court under the provisions of R.S. § 4911, 35 U.S.C. § 59a, 35 U.S. C.A. § 59a, and its time to appeal here has expired.
 
 
 86
 Appellee was not only completely defeated in the District Court for the Southern District of California but also failed to take an appeal from the judgment thereof to the Circuit Court of Appeals. That tribunal would not have been bound by the judgment of the District Court and the concurring decisions of the examiner and the Commissioner of Patents would have been there entitled to special consideration. Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657; Safeway Stores, Inc., v. Dunnell, 9 Cir., 172 F.2d 649.
 
 
 87
 In view of the fact that appellee did not appeal from the judgment of the District Court which held that appellant's trademark was not confusingly similar to that of appellee, the judgment to that effect became final. The issue as to the confusing similarity of the marks raised in this court by appellant's reasons of appeal has thus become res judicata since the taking of the appeal.
 
 
 88
 Accordingly, this court may either dismiss and remand the case, thereby disposing of the appeal before this court and restoring the jurisdiction of the Patent Office to take further action in accordance with law or, preferably, this court may reverse the decision appealed from on the ground that the controlling issue has become res judicata, thereby directly effecting the action of the Commissioner of Patents with respect to appellant's right to the registration of its trade-mark.
 
 
 89
 For the reasons hereinbefore stated, the decision of the Commissioner of Patents should be reversed.