**KNOWLES et al. v. 138 WEST FORTY-SECOND STREET CORPORATION et al.**

**No. 386.**

Circuit Court of Appeals, Second Circuit.

July 28, 1930.

W. P. Preble, of New York City, for plaintiffs.

George E. Waldo, of Chicago, Ill. (Wm. R. Davis, of New York City, of counsel), for defendants appellees.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The patent in suit was issued January 30, 1917, to the executrix of George E. Knowles. Mr. Knowles filed his application October 21, 1913, and died before it was granted. As allowed, the patent contains four claims, of which the first only is relied upon. It reads as follows:

"1. A ventilating device for buildings or the like comprising a ring portion adapted to serve as a base and provided with brackets integral with said ring and extending laterally from positions adjacent the periphery thereof, each bracket being provided with a plurality of steps located at different distances from said ring member, a hood portion provided with ribs for engaging the steps of said brackets, said hood portion being movable into different positions in order to cause each of said ribs to be shifted from one step to another, and a clamping member connected with said ring member and with said hood portion for holding the same together."

As originally filed, the application contained ten claims broadly covering a device as described in the specifications which from first to last remained as they appear in the issued patent. The original claims were all rejected on Baumann patent, No. 814,013, for a cover for road manholes, dated March 6, 1906, and McElfatrick patent, No. 1,062,-177, for a register, dated May 20, 1913. The claims were amended without relinquishing their broad character, and were again reject-

ed on the same references. A second amendment was made to the same effect and with the same result. A third amendment of like general nature met the same fate, and finally, after about three years, all claims were withdrawn and the limited claims in suit were filed and allowed.

The plaintiffs' ventilator as constructed in accordance with the patent issued consists of three members. One is a cast metal base or ring with a series of brackets in the form of steps which are integral with the ring and extend laterally from positions adjacent to the periphery of it. The second member is a cap or bell shaped cover, with corresponding brackets having steps suitable for engaging in the steps of the base so that, by turning, the steps successively engage and the space between the edges of the base and cap may be increased or diminished at will. The third member is just a screw at the center of the cap running down into the center of the base and fastening the other two members rigidly together after they have been placed in the desired relative positions.

The defendants' device, claimed to infringe, is made in accordance with Clark patent, No. 1,436,649 which is dated November 28, 1922, and for which application was filed August 22, 1921. This ventilator also consists of three members—base, cap and holding screw. It, too, is adjusted by means of a series of interlocking steps. These steps are not mounted to extend laterally from the periphery of the base, but are placed on an arm extending from the periphery to the center, which gives the series of steps a location about halfway in from the periphery toward the center. The corresponding steps in the cap are located in the same relative position so as to fit into the steps in the base. This provides for each ventilator the interlocking step method of adjustment, but leaves the defendants' free from the obstruction to air passage caused by the location of the plaintiffs' step brackets adjacent to the periphery.

As the Clark patent on which the defendants' device is made was applied for and issued after the plaintiffs' patent had been granted, there is a presumption that there is a material and patentable difference between the structures of the patents. Abbott Coin Counter Co. v. Standard-Johnson Co. (D. C.) 290 F. 418, 423, 424; Boyd v. Janesville Hay-Tool Co., 158 U. S. 260, 263, 264, 15 S. Ct. 837, 39 L. Ed. 973; Boyden Power Brake Co. v. Westinghouse Air-Brake Co. (C. C. A.) 70 F. 816, 828.

The Baumann patent, which was cited in the Patent Office against the plaintiffs' application, was based on the principle of interlocking steps, and definitely disclosed that method of adjustment. Its use by Knowles required no invention. The McElfatrick patent, No. 1,062,177, for a register, which was also cited against Knowles in the Patent Office, fully covers the means of air adjustment in a ventilator having a base, cap, and holding member, and makes it impossible to concede to Knowles any originality of idea in adopting that means. This makes it necessary to the validity of his patent that there be found something new and useful in his combination of these two old ideas. Computing Scale Co. v. Automatic Scale Co., 204 U. S. 609, 616, 27 S. Ct. 307, 51 L. Ed. 645. We find that in his putting them together in a ventilator as he did with step brackets integral with the base and cap members in positions adjacent to the periphery. But this patent must be closely held to the identical structure in which he combined these old ideas. When a patent has been allowed only after the difficulty and limitation this application encountered, it is essential that the claims be not enlarged by implication when suit is brought for infringement. While the substance of a valid patent is to be carefully preserved for the benefit of the owner, claims which have been persistently rejected ought to be construed strictly against the inventor, and claims which have been withdrawn treated as in the nature of disclaimers. Sargent v. Hall Safe & Lock Co. et al., 114 U. S. 63, 5 S. Ct. 1021, 29 L. Ed. 67; I. T. S. Rubber Co. v. Essex, 272 U. S. 429, 443, 47 S. Ct. 136, 71 L. Ed. 335; Shepard et al. v. Carrigan, Adm'r, 116 U. S. 593, 6 S. Ct. 493, 29 L. Ed. 723; Computing Scale Co. v. Automatic Scale Co., supra at page 617 of 204 U. S., 27 S. Ct. 307; Weber Electric Co. v. Freeman Electric Co., 256 U. S. 668, 41 S. Ct. 600, 65 L. Ed. 1162.

Only by construing the claims in this patent thus closely can it be held valid. Boyd v. Janesville Hay-Tool Co., supra. The idea of a ventilator consisting of a base and movable cap was disclosed by Charles H. Bicalky, and letters patent No. 1,218,164, dated March 6, 1917, issued to him on an application filed April 11, 1913. This patent does not have the adjusting step device, but gets its adjustability by means of a central screw. James R. Elliott disclosed a ventilator with adjustable base and cap in an application filed April 11, 1912, on which letters patent No. 1,134,259 were issued to him. We need not

discuss the differences between these two ventilators or between them and the plaintiffs', for the combination patent in suit is enough unlike either of them to be upheld as to validity.

 These two latter patents have been referred to solely for the purpose of making it more plain that the field of originality open to Knowles was very cramped and narrow. It was entered, after much reluctance and delay, to secure a patent which otherwise would not have been issued. But, having of necessity elected to take a patent in express terms limited to steps integral with the ring and extending laterally from positions adjacent the periphery thereof, it is now too late to claim more. Kokomo Fence Machine Co. v. Kitselman et al., 189 U. S. 8, 23 S. Ct. 521, 47 L. Ed. 689. The defendants' device, having steps placed in an entirely different position that does away with some of the air obstruction inherent in the plaintiffs' patent structure, can be thought to infringe only by giving to the plaintiffs' patent the advantage of a broad scope three times claimed and three times properly denied while the application was pending. Such a construction of its claims would require us to hold the patent anticipated, and without it no infringement has been shown.

Decree affirmed.