36 C.C.P.A.(Patents)

**Application of VALKO et al.**
**Patent Appeal No. 5514.**

United States Court of Customs and Patent Appeals.
March 1, 1949.

Clarence M. Fisher, of Washington, D. C. (Pennie, Edmonds, Morton & Barrows and R. T. McLean, all of New York City, of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (J. Schimmel, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

JACKSON, Judge.

Appellants have appealed from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting all of the claims, 1 to 10, inclusive, of an application, serial No. 509,140, filed November 5, 1943, entitled "Textile Treatment" as lacking invention over the prior art publication, Kuhn et al., Berichte, Vol. 73 (1940), pages 1109–1113.

Six claims describe a textile impregnated with benzotriazolium salt, and four a process of treating textiles with said salt.

Claims 1 and 9 are illustrative of the subject matter and read as follows:

"1. A textile impregnated with a higher alkyl benzotriazolium salt having at least one aliphatic radical of at least 8 carbon atoms."

"9. In the treatment of textiles the improvement which comprises exposing the textile to the action of a solution having a concentration of a higher alkyl benzotriazolium salt containing at least one aliphatic radical of at least 8 carbon atoms of from .01% to 1%."

The subject matter of the alleged invention is shown with sufficient clarity in the quoted claims.

The reference discloses methods for the production of alkyl benzotriazolium salts which include salts in which the alkyl group contains more than 8 carbon atoms including the bromides and specifically dioctyl benzotriazolium bromide. Benzotriazolium is well known as a bactericide.

It is admitted by appellants that it is old to impregnate textiles with bactericidal compositions, and that the chemical compounds disclosed in the reference are conceded to possess bacteriological properties, and are useful in the practice of the claimed invention. Because of such admissions, the tribunals of the Patent Office rejected the involved claims.

The sole issue is whether or not the impregnated textiles and the process of the claims constitute invention over the disclosure of the reference. Counsel for appellants contend that the subject matter defined by the claims responds to every criterion of patentable invention, having novelty, utility, and obvious qualities not predictable from the prior art. In support of that contention it is stated in their brief that appellants discovered various improvements in textiles impregnated with the compounds of the claims; such as an "improved hand" (soft feeling to the manual touch), an improved capacity for retaining the dye, and possessing marked antiseptic and insect-repellant properties. It is stated that appellants found that there was a great affinity between the compounds and the fabric, and that the compounds are readily absorbed by the textiles when in dilute aqueous solutions, and are tenaciously retained in the textiles after repeated washings and cleanings.

In their brief it is pointed out by counsel for appellants that the tribunals of the Patent Office have not suggested that the textiles of the article claims are not new articles of manufacture or that the process of the process claims is not new. They further point out that it has not been held below that the impregnated textiles are not useful or that they have not the outstanding properties which are described in appellants' specification.

Appellants allege that both the Primary Examiner and the Board of Appeals failed to give due weight to the alleged fact that the prior art does not suggest the use of the involved chemical in the impregnation of textiles, nor did they suggest that there was anything in the prior art to indicate that such chemicals would be absorbed in textiles, or that there was an affinity between the impregnating material and the textiles, or that such materials after impregnation would possess a "desirable hand," or that the dyeing properties would be improved, or that the textiles would be made insect-resistant, or that the antiseptic or bactericidal properties of the chemical would not be destroyed in the textiles when washed or cleaned.

■ It is true that the tribunals of the Patent Office did not deny that the appealed claims disclosed an article and a process which are novel and possess utility. However, it is trite to say that in order to be considered patentable claims must not only be novel and have utility, but they are required by statute to be inventive in their subject matter.

■ Appellants concede it is old in the art to impregnate textiles with bactericidal compositions. They have neither denied nor controverted a statement in the decision of the Board of Appeals stating, "In the prior art impregnation of textiles with compounds having germicidal properties such compounds are selected as would yield improved textiles with respect to hand, flexibility, etc., rather than inferior products as regards these properties." Such statement, therefore, must be considered by us as being true. In re Williford, 158 F.2d 997, 34 C.C.P.A., Patents, 812; In re Selmi et al., 156 F.2d 96, 33 C.C.P.A., Patents, 1187; In re Lewis, 96 F.2d 1009, 25 C.C.P.A., Patents, 1273.

■ In view of the admissions hereinbefore referred to and for the reason that the alkyl benzotriazolium salts used by appellants are known to possess great bactericidal properties, it is clearly obvious to impregnate textiles with such chemical compounds in order to make them resistant to bacteria. It appears to us, therefore, that if one wished to make a textile bacteria-resistant with benzotriazolium compounds, he had available such information, and, as stated in the brief of the solicitor, "all the know how" in order to obtain that result. Certainly under the facts herein if other advantages or results were accomplished at the same time, no invention would be involved because of those other advantages. In re Gauerke, 86 F.2d 330, 24 C.C.P.A., Patents, 725.

In view of what we have said, we are of opinion that no consideration should be given to appellants' contention that there was nothing in the prior art to suggest the properties and advantages which appellants claim.

■ All of the claims relate to the impregnation of textile materials with compounds concededly old in the art and well known to have a powerful disinfecting effect. We must conclude, therefore, that all appellants have done is to carry forward the known property of the old chemical article in an obvious way.

■ While appellants in their reasons of appeal allege error in the decision of the board with respect to the breadth of the claimed compounds, as distinguished from those which are specifically disclosed in the application and the ones which were tested as shown in an affidavit filed herein, appellants' brief makes no mention of those particular points. Under the rule announced in In re Krasnow et al., 166 F.2d 196, 35 C.C.P.A., Patents, 939, and in Re McCabe, 90 F.2d 111, 24 C.C.P.A., Patents, 1224, the reasons of appeal pertaining to those points will not be considered by us.

For the reasons hereinbefore set out, the decision of the Board of Appeals is affirmed.

Affirmed.