## FAULKNER *v.* GIBBS.

No. 19.  Argued October 12, 1949.—Decided November 7, 1949.

*Robert W. Fulwider* and *James P. Burns* argued the cause for petitioner.  With them on the brief was *Harold W. Mattingly.*

*Herbert A. Huebner* argued the cause and filed a brief for respondent.

PER CURIAM.

The controversy here concerned the validity of Patent No. 1,906,260, issued to respondent, May 2, 1933, and its alleged infringement by petitioner.  The District Court found the patent to be valid and infringed.  The Court of Appeals for the Ninth Circuit affirmed, 170 F. 2d 34 (1948).  Being moved by the petition for certiorari that there was a conflict with *Halliburton Oil Well Cementing Co.* v. *Walker,* 329 U. S. 1 (1946), we granted certiorari.

The record, briefs and arguments of counsel lead us to the view that *Halliburton, supra,* is inapposite.  We there

held the patent invalid because its language was too broad at the precise point of novelty. In the instant case, the patent has been sustained because of the fact of combination rather than the novelty of any particular element.

After the suit in this cause was initiated in the District Court, petitioner modified his device. The courts below held that this modification was insubstantial and did not place petitioner outside the scope of respondent's patent.

We will not disturb the concurrent findings upon the issues presented to us in the petition for certiorari. We are not persuaded that the findings are shown to be clearly erroneous. The judgment is

*Affirmed.*

MR. JUSTICE BLACK is of the opinion that the language of the claims was too broad at the precise point where there was novelty, if there was novelty anywhere.

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.