38 C.C.P.A.(Patents)

**Application of DALTON et al.**

**Patent Appeal No. 5749.**

United States Court of Customs and Patent Appeals.

March 6, 1951.

Rehearing Denied April 10, 1951.

John J. Rogan, New York City, for appellants.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

Appellants have appealed from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner finally rejecting claims 12, 13, 15, 16, and 38 of an application, serial No. 435,944, filed March 24, 1942, for "Telefacsimile Recording and Duplicating Paper," as not reading upon the elected species and in rejecting claims 21, 23 to 26, inclusive, and 39, as unpatentable over a patent to Bjorksten et al., No. 2,188,590, dated January 30, 1940, upon an application, serial No. 188,707, filed February 4, 1938. Claim 37 was allowed.

We agree with the board that claims 21 and 26 are illustrative of the claimed subject matter. They read as follows:

"21. A duplicating telefacsimile receiving blank comprising a paper backing having its surface treated to render it electrically conductive and incorporating a transferable dye, and a coating completely covering said surface for normally preventing transfer of said dye to another surface in contact therewith, said coating having the property of being removable in response to electric signals applied thereto in localized areas and without substantial removal of said surface.

"26. A recording and duplicating blank having a predetermined transverse electric conductivity to be utilized in recording electric telegraph signals, said blank comprising a pliable web having an outer coating which is selectively removable in localized areas in response to impressed electric telegraph signals, said web having between its surface and said outer coating an intermediate duplicating coating which is completely masked by said outer coating except at said localized areas, said duplicating coating containing a transferable dye for duplication at said localized areas only."

The invention relates to recording mediums, particularly to recording blanks used for recording electrical signals such as

facsimile telegraph sound signals, or the like, to be translated into visible recordings.

The claimed article is a paper base sheet upon which is an electrically conductive duplicating layer comprising gas black, in which there is a dye or dye mixture. A further coating is superimposed upon the duplicating layer which is called a facsimile coating consisting of white or light colored pigment and a binder.       -

The patent to Bjorksten et al. relates to a nonsmudging transfer sheet. The sheet is disclosed as having a base of tissue paper, or the like, upon which there is a transfer coating of a soluble dye or of an oleaginous composition over which there is a smudge-proof layer. It is stated in the patent that the invention includes such transfer sheets as carbon paper, typewriter ribbon, and the like, which are coated with a composition transferable to a contacting surface by means of pressure or impact such as would be made by a pencil or the keys of a typewriter. It is said that the sheets may be divided into three classes: "(1) transfer sheets such as ordinary carbon paper, which contain a pigment; (2) transfer sheets such as hectograph carbon paper which contain a soluble dye, and (3) transfer sheets such as printing process carbon paper, which contain a waxy or oily ink absorbent material."

With respect to the claims which were rejected as not readable on the elected species the only one specifically included in the notice of appeal is claim 38. No appeal having been taken on this phase of the case with respect to claims 12, 13, 15, and 16 we may not properly review the rejection of the last named four claims. With respect to claim 38, counsel for appellants have not discussed the ground of rejection in their brief and, therefore, such rejection will not be considered by us. In re Cremer et al., 173 F.2d 376, 36 C.C.P.A., Patents, 980; In re Valko et al., 173 F.2d 275, 36 C.C.P.A., Patents, 899.

The sole issue before us is the rejection of claims 21, 23 to 36, inclusive, and 39, as unpatentable over the prior art.

The Primary Examiner in his decision considered that the structure of claims 23 to 25, inclusive, were met by the Bjorksten et al. reference and was of opinion that claims 24, 26 to 29, inclusive, 33 to 36, inclusive, and 39, did not define anything patentable over the article of the reference where dye is employed in the base coating. He pointed out that claims 21, 30, 31, and 32 set out both a conductive material and a transferable dye. Those claims were considered by the examiner as not involving invention where both carbon and dye were each separately suggested. The examiner held that the limitations intended to distinguish from the prior art and appearing in all of the claims, i. e., that the outer coating is removable in response to a certain process and that the sheet has a predetermined electrical conductivity, did no more than state a problem and did not recite any structure patentably different from that of the reference.

The board in its decision, after setting out the reasons for rejection by the examiner, stated as follows:

"It is apparently the Examiner's position that the claims rely only upon functional recitations of the outer coating and of the electrical conductivity of the duplicating coating and that these recitations are insufficient to distinguish the claims over Bjorksten et al.

"We have carefully considered the contentions of appellants, in their brief, in support of patentability of the claims. However, these contentions appear to be based entirely upon the use to which the blank is applied, and to the functions of the coatings, rather than to tangible structural differences presented over Bjorksten et al."

It was the board's position that claims 21, 23, 26 to 29, inclusive, 35, and 39 define, as a tangible positive structure, a paper backing, a duplicating coating containing a dye and gas black, and a second or outer coating covering the duplicating coating. It stated that the elements of structure defined in those claims are shown in the drawings of the reference. The board noted that the duplicating coating of the reference may be ordinary carbon paper which contains a pigment and that the resin or lacquer constituting the outer coating in the reference is a soluble inorganic solvent and, therefore, would be

removable, as set out in the claims. The adhesiveness of the outer coating shown to be used in the reference was considered by the board as having no bearing with respect to the patentability of those claims which the board regarded as being fully met by the reference.

With respect to claims 24, 25, 30 to 34, inclusive, and 36, the board noted that they are directed to the article defined in other claims in which it is stated that a part of the outer coating has been removed by recording electrical signals or pressure. The board stated that those claims had not been separately commented on by the examiner, but it agreed with the examiner's conclusion that they are unpatentable over the Bjorksten et al. patent.

■■■ All of the claims before us are drawn to define structure and in order to be patentable they must depend upon the novel structure set out. Properties, functions, uses, and results that may appear from the defined structure are not definitions of it and may not be solely relied upon to make a claim containing them patentable unless there is a positive setting out of the structure itself in the claims which, of course, must be responsible for properties, functions, uses, and results thereof.

With respect to that phase of the controversy the examiner cited the case of United Carbon Co. et al. v. Binney & Smith Co., 317 U.S. 228, 63 S.Ct. 165, 87 L.Ed. 232. That case was referred to by us in connection with the same question. In re Lloyd, 172 F.2d 583, 36 C.C.P.A., Patents, 817; In re Shortell 173 F.2d 993, 36 C.C.P.A., Patents, 1013.

We are not in agreement with counsel for appellants in his argument that the doctrine of the United Carbon Co. case, supra, and the Halliburton Oil Well Cementing Co. v. Walker et al., doing business as Depthograph Co., 329 U.S. 1, 67 S.Ct. 6, 91 L.Ed. 3, case, has been limited by the court in the case of Faulkner v. Gibbs, 338 U.S. 267, 70 S.Ct. 25, 94 L.Ed. 62. The court in the latter case distinguished the issue there from that of the Halliburton case, supra, and no limitation of any kind circumscribed the doctrine

announced in that case. Certainly no limitation was placed upon the doctrine of United Carbon Co. case, supra.

■■■ It is clear, from the above-mentioned opinions of the Supreme Court, which are binding on all other courts, that a patent claim cannot be held to be valid where its language is too broad at the precise point of novelty "because of the failure to positively set forth any of the novel structure." Therefore, when a claim defines a structure, as here, the structure at the precise point of novelty must be set out by what it is. The statement of property, function, use, or result of the structure does not meet that test.

It is acknowledged by the Patent Office that the application herein discloses patentable subject matter and that appellants are entitled to a patent on the single claim which sets out the structural difference between its base coating, which is electrically conductive, and the coating of the prior art. The mere statement in any of the claims, as appears here, that the coating is electrically conductive does not define the structure of such coating. All it does, in our opinion, is to state that such coating has the property of being electrically conductive.

Clearly, the only structural difference between the article of the reference and that defined in the rejected claims is the material of the two coating layers. A duplicating master copy is provided for in the reference for the reason that the outer coating may be removed in localized areas.

Because we are of opinion that the coating of appellants is defined in the rejected claims merely as being electrically conductive, we cannot give it any weight in our analysis of the claims and, therefore, we must read those claims without regard to any such limitation.

It is clear that the paper of the reference, coated with carbon and waxy material, is the transfer composition and it is stated in the patent that "When the transfer composition, for example, consists mainly of an alcohol or water soluble dye, the resin to be used for the protective coating should be insoluble in water or alcohol." Clearly, there is some substance besides the dye included in such transfer composition.

One of the claims contains specifically the expression "gas black," but in our opinion gas black is an equivalent of carbon in connection with carbon paper.

An article from the Encyclopaedia Britannica entitled "Carbon Paper" which appears in an affidavit by counsel for appellant, sets out that the black color of carbon paper, when desired, is always carbon or gas black.

■ Subsequent to the decision of the board, counsel for appellants filed a petition for reconsideration of its decision. In said petition, certain affidavits were included. The board considered the petition but declined to make any change in its decision. Apparently, the board did not consider the affidavits and counsel for appellants request that we, of our own motion, consider them. The application was not remanded to the examiner under Rule 138 (New Rule 195), 35 U.S.C.A. Appendix, the affidavits are not mentioned in the board's decision, and there is no showing that the board could have considered the affidavits under that rule. Therefore, they are not before us for our consideration. In re Ripper, Deceased, Etc., 171 F.2d 297, 36 C.C.P.A., Patents, 743.

Appellant contends, under our decision in the case of In re Hutchison, 104 F.2d 829, 26 C.C.P.A., Patents, 1370, that the affidavits should be considered. While in that case, as here, an affidavit was submitted with a petition for reconsideration of a former decision of the board, the board stated that the affidavit had not been considered as such, but had been regarded as cumulative argument of the same character as that of the request for reconsideration and we considered the affidavit on the same basis.

Even though we should consider the affidavits herein on any basis, such consideration could not change the verbiage of the claims.

■ For the reasons herein set out, the decision of the board is affirmed.

Affirmed.

GARRETT, Chief Judge (specially concurring).

This specially concurring opinion is written merely to elaborate what is said in the majority opinion relative to the "affidavit question," which is referred to also in the dissenting opinion.

Former Rule 138 of the Patent Office, 35 U.S.C.A. Appendix, which was in effect at the time the Board of Appeals passed upon the case, read: "138. Affidavits or exhibits submitted after the case has been appealed will not be admitted without remanding the application to the Primary Examiner for reconsideration; but the appellate tribunal may in their discretion refuse to remand the case and proceed with the same without accepting the affidavits or exhibits."

The rule, of course, had reference to appeals taken to the Board of Appeals or other appellate tribunals of the Patent Office from Primary Examiners and Interference Examiners, and had no relation to appeals taken to this court, which are governed by statute, 35 U.S.C.A. §§ 60, 61, 62, R.S. §§ 4912, 4913, 4914.

After the Board of Appeals had rendered a decision in this case affirming the examiner's rejection of the claims, there was filed on behalf of appellant a request for reconsideration, which was accompanied by the affidavits of two parties.

In a second decision, the board discussed questions raised in the request for reconsideration, *but made no reference whatever to the affidavits.*

In the reasons of appeal to this court, there was no assignment of error in respect of the affidavits, but in the brief for appellant before us it is said: " * * * It is respectfully submitted that under the peculiar facts of this case, the Court should, on its own motion, consider the affidavits and exhibits in order to satisfy itself that the Examiner made an unwarranted assumption as regards the facts."

As hereinbefore stated, appeals to this court are governed by statute, and its procedure and jurisdiction in reviewing decisions of the tribunals of the Patent Office are largely controlled and limited by statute. Thus in 35 U.S.C.A. § 62, R.S. § 4914, it is expressly stated that *"the revision shall*

*be confined to the points set forth in the reasons of appeal."* (Italics supplied.)

Some emphasis has been placed upon the decision in the case of In re Hutchison, 104 F.2d 829, 26 C.C.P.A., Patents, 1370.

In that case, as in this, an affidavit was filed for the first time in connection with a request that the board reconsider its original decision.

In the course of its discussion of the questions raised in the request for reconsideration the board alluded to the affidavit, saying: "The affidavit submitted with petitioner's supplement to the request for reconsideration has not been considered *as an affidavit* but has been regarded merely as cumulative argument of the same character as that of the request for reconsideration." (Italics supplied.)

This court then said, "We, of course, have considered it upon the same basis," meaning thereby the basis of cumulative argument, not as evidence of any factual statement. It is not required that argument be sworn to.

In the revised Patent Office Rules, which became effective March 1, 1949, Rule 195 was adopted in lieu of Rule 138, supra.

In Ex parte Patrick decided concurrently herewith, 189 F.2d 614, 38 C.C.P.A., Patents, ——, a situation respecting an affidavit feature similar to that in this case exists, except that in the Patrick case the final decision of the board was rendered a few days after Rule 195 had been promulgated. Inasmuch as a specially concurring statement is being made in that case also, Rule 195 is here quoted: "195. Affidavits after appeal. Affidavits or exhibits submitted after the case has been appealed will not be admitted without a showing of good and sufficient reasons why they were not earlier presented."

Insofar as the issue about the affidavit matter is concerned, the new rule in no way alters the relationship of this court to appeals from the tribunals of the Patent Office, nor is either its jurisdiction or procedure affected thereby. The rule as stated in Ex parte Ayers, 154 F.2d 182, 33 C.C.P.A., Patents, 874, and in Ex parte Ripper, 171 F.2d 297, 36 C.C.P.A., Patents, 743, continues as the law.

O'CONNELL, Judge (dissenting).

The case upon which the majority relies in effecting the final rejection of the affidavits submitted by appellants on the petition for reconsideration was rendered obsolete when old rule of practice, 138, was revoked and supplanted by Rule 195 of the new rules of practice in the Patent Office.[1]

Even so, a rule of procedure for the conduct of the business of the Patent Office shall not be permitted to interfere with the jurisdiction of this court in granting a patent to an inventor who otherwise would have been deprived of such right by the enforcement of the rule in question.[2]

A proper practice relative to the consideration of affidavits was established by this court in the case of In re Hutchison.[3] There this court held that an affidavit filed with the Board of Appeals with a petition for reconsideration should be considered not only by the board but also by this court as cumulative argument of the same nature as that of the request for reconsideration. On that basis this court accepted the arguments advanced in such an affidavit as a ground of reversal of the board on the question of patentability.

Congress has endowed the Court of Customs and Patent Appeals with jurisdiction to hear and determine appeals, *"revise the decision appealed from in a summary way, on the evidence produced before the commissioner,"* and return to the commissioner a certificate of the court's "proceedings and decision, which shall be entered of record in the Patent Office, *and shall govern the further proceedings in the case."* (Italics supplied.) R.S. § 4914, 35 U.S.C.A. § 62.

The same statute provides that "the revision shall be confined to the points set forth in the reasons of appeal." A patent, like a trade-mark, is, by its very nature,

1. In re Ripper, Deceased, Etc., 171 F.2d 297, 36 C.C.P.A.,Patents, 743.

2. In re Stauber, 45 F.2d 661, 18 C.C.P.A., Patents, 774.

3. In re Hutchison, 104 F.2d 829, 26 C.C.P.A.,Patents, 1370.

affected with a public interest, however, and in rendering a decision with respect to either, this court, like the Commissioner of Patents, must be guided by the primary consideration of the public interest, irrespective of the reasons of appeal.[4]

Certainly there is no rule of law which here forbids the consideration of affidavits such as these with respect to matters of fact which nowise involve matters of a highly technical nature. Nor is there any reason why such facts may not be passed upon by this court and the applicant thereby relieved of the necessity of resorting to all the technical apparatus of procedure, with which litigants are familiar, in order to correct a situation which erroneously developed in the Patent Office.

The function of this court in the interpretation of the patent laws is to construe the language thereof so as to give effect to the intent of Congress. R.S. § 4914 expressly requires this court in the exercise of its jurisdiction to govern, that is, to direct and control, the administration of the patent laws in matters on appeal. Surely there can be no such control, when, as here, the court takes the bull by the tail and not by the horns.

The adequacy of the disclosure of the specification in the case at bar has been acknowledged by the allowance of claim 37. The statement in other claims that the coating is electrically coated, when read in the light of the specification, does not necessarily mean that such claims are invalid.[5]

For the reasons hereinbefore stated, the decision of the Board of Appeals should be reversed.

4. Precision Co. v. Automotive Co., 324 U. S. 806, 65 S.Ct. 993, 89 L.Ed. 1381; Baldwin Co. v. Robertson, 265 U.S. 168, 44 S.Ct. 508, 68 L.Ed. 962; The Coschocton Glove Company v. Buckeye Glove Co., 90 F.2d 660, 24 C.C.P.A., Patents, 338; Burmel Handkerchief Corp. v. Cluett, Peabody & Co., Inc., 127 F.2d 318, 29 C.C.P.A.,Patents, 1024; Stanco, Inc., v. Waverly Petroleum Products Co., 168 F.2d 319, 35 C.C.P.A.,Patents, 1195; In re Drawbaugh, 9 App. D.C. 219; Tomlinson of High Point v. Coe, 74 App.D.C. 364, 123 F.2d 65; Stahly, Inc., v. M. H. Jacobs Co., 7 Cir., 183 F.2d 914.

5. Shull Perforating Co. v. Cavins, 9 Cir., 94 F.2d 357, 364; Peckat Mfg. Co. v. Jacobs, 7 Cir., 178 F.2d 794, 797, certiorari denied, 339 U.S. 915, 70 S.Ct. 575.