40 C.C.P.A.(Patents)
**Application of MEAKIN.**
**Patent Appeal No. 5977.**

United States Court of Customs and Patent Appeals.
June 3, 1953.

Charles O. Bruce and Edward Brosler, Berkeley, Cal., for appellant.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

O'CONNELL, Judge.

Appellant, having been allowed 11 claims for a pellet mill described in the specification of his application for a patent, appeals here from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting, as unpatentable over the disclosures of the prior art of record, claims 2, 3, 12, 15, 16, 17, and 19 of the same application.

The references relied upon are: Wallace 299, 883 June 3, 1884; Meakin 2,065,141 Dec. 22, 1936; Meakin 2,075,450 Mar. 30, 1937; Gits 2,077,880 Apr. 20, 1937.

Appealed claims 2, 12, and 15 are illustrative of the involved subject matter. They read:

"2. In a pellet mill, a housing; an assembly within said housing and including an extrusion element, a spider for holding said extrusion element in cooperative pressure engagement with a die; and a bowl of inverted frusto-conical shape supported from said housing and surrounding said assembly, said bowl including an upper portion and a removably attached lower portion and a die associated therewith in such cooperative pressure engagement with said extrusion element, said upper portion having its smallest inside diameter slightly in excess of the largest horizontal dimension of said assembly, to permit lowering of said assembly through the portion of said bowl remaining upon removal of said lower portion.

"12. In a pellet mill, a gear casing, a gear rotatively supported in such gear casing, a pinion, said gear including a hub and a rim removably secured to said hub and in mesh with said pinion, and a roller assembly including a drive shaft in drive engagement with said gear.

"15. In a machine, a chamber, a thrust bearing in said chamber, a shaft extending through said bearing into said chamber and terminating therein in a thrust nut carried on said bearing, and means for maintaining a minimum level of lubricant in said chamber for lubrication of said thrush bearing, said means comprising a wall having an oil sealing connection with the floor of said chamber and extending upwardly about said shaft in slight spaced relationship thereto and to the desired minimum level of lubricant in said chamber."

Appellant makes the following pertinent statement in his specification providing the background upon which the rejected claims were based:

"Mills for the manufacture of pellet must, by reason of the heavy extrusion pressures involved, be construed to withstand the large stresses and strains set up during the pelleting process. These machines, therefore, must of necessity be heavy and rugged. The wear on component parts, through mechanical action of the moving parts, or

the abrasive and chemical action of the ingredients employed in the pellet mixture, requires occasional servicing and replacement of parts. To preclude wear on other components necessitates sufficient lubrication between all moving surfaces, except between the compression members and the die, from which, of course, all lubricating oil must be excluded."

The Solicitor for the Patent Office makes the following additional and pertinent statement in his brief, numerical references to the record being here omitted:

"The application in issue relates to improvements for mills which produce pellets by forcing material through a perforated die by rollers, the issuing strands of material being cut into pellets by revolving knives. The claims now in issue relate to three different alleged improvements on prior structures. In order to afford improved access to the roller assembly for repair and the like, the appellant provides for the removal of the die and a portion of the associated conical bowl, in order that the roller assembly may be lowered without further disassembly of the machine.

"As a second improvement the main drive gear of the mill is made in two parts, so that, when the gear teeth have become worn, the outer portion may be unbolted from the hub and reversed in position to extend its life.

"The third feature is an improvement in the conventional lubrication system to provide a dam-like member which will retain a residual pool of lubricant about a thrust bearing in the event of the failure of the oil seals."

The prior patents to Meakin, Nos. 2,075,-450 and 2,065,141, show pellet mills of the general character as that described and claimed in the present application. No. 2,075,450 shows a perforated die plate removably secured in place by means of a split ring, the ends of each section of which are provided with lugs to receive bolts. The perforated die discloses, in conjunction with the upper face of the die plate, a sub-stantially concave bowl with an upper separate extension or access aperture. No. 2,065,141 describes, among other elements of the mill, a main vertical shaft driven by a large gear meshing with a pinion supported by a thrust bearing within a casing.

The patent to Wallace, 1884, relates to a velocipede and wheels by which driving power is transmitted. The sprocket is made in two parts, a central hub and a detachable outer member, thereby providing for the ready replacement or change of the outer member, consisting of a removable crown, the periphery of which may bear teeth for gearing as well as sprockets.

■ Details of the structure of the patent to Gits are not in issue and the reference was cited merely to show that lubricating systems have acquired a separate status in the art. On that ground the requirement for division was invoked by the examiner with respect to claims 15, 16, and 17, who found that in those three claims, appellant merely defined the lubricating subcombination as a part of the claimed machine, and as an element of allowed claim 8. The examiner quoted and applied the law to the following effect:

"We think, however, that where a sub-combination has acquired a separate status in the art, as evidenced by patents being granted for the subject matter of such sub-combinations, and a separate examining division in the Patent Office is set up for its consideration, and where the subject matter of such combination is a matter of common understanding and is adapted for substantial, practical uses other than in, and independent of, the general combination, it would ordinarily not be regarded as so related to the general combination as to entitle it to be claimed in the same application with the combination to which it belonged."

The Board of Appeals approved the action of the examiner for the stated reason that the bearing lubrication subcombination defined by claims 15, 16, and 17 had attained a status in the art separate from the mill combination and was adapted or adaptable for practical use independently there-

of. We agree that such disposition of the point in issue by the tribunals of the Patent Office was in accordance with law. In re Coulter, 155 F.2d 271, 33 C.C.P.A., Patents, 1088; In re Ferenci, 83 F.2d 279, 23 C.C.P.A., Patents, 1023.

■ Claims 2, 3, and 19 call for a pellet mill having a split die bowl construction comprising an upper half and a removable lower half. The examiner noted that Meakin No. 2,075,450 had separable sections associated with the flange construction, and held that no invention would be required in the modification thereof, as in the instant application, to provide a removable bottom to the previously disclosed top flange. The board held not only that the structural limitations of the claims were so broad as to be fully met in the structure of the reference, but also that the claimed structure modification in the instant application was otherwise merely an obvious expedient involving no invention and leading to no unexpected result. The record fully supports the following assertion by the Solicitor for the Patent Office:

> "The claims, thus, read directly on the reference insofar as the *structure* is concerned, and there would appear to be no question that there is proper basis for the Board's decision. It is undoubtedly true that the 2,075,450 structure does not provide for the lowering of the roller assembly through the bottom of the bowl, but this feature is included in the claims on appeal merely as a final functional clause describing the end to be accomplished. It is rudimentary that the functional statement of a desired result cannot lend patentability to an otherwise non-inventive claim, In re Dalton, 188 F.2d 170, 38 C.C.P.A., Patents, 953."

The board held with respect to its rejection of claim 12 that there would be nothing inventive in making the gear of Meakin 2,065,141 in two pieces, so that the outer portion thereof could be removed without disturbing the hub.

The brief for appellant has many vigorous contentions asserting the alleged fallacies and incongruities of the respective decisions by the tribunals of the Patent Office. A careful analysis thereof and of the facts presented by the record fails to convince the court however that there is any meritorious reason advanced by appellant which would cause us to withhold our approval of the action taken by the Patent Office with respect to the appealed claims. Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, J., retired, was recalled to participate in this case in place of GARRETT, C. J.