41 C.C.P.A.(Patents)

**Application of FELBURG.**

**Patent Appeal No. 6017.**

United States Court of Customs and Patent Appeals.

March 23, 1954.

William F. Felburg, pro se.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE and JACKSON, Judges.

COLE, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office which affirmed the Primary Examiner's final rejection of claims 14 to 18 inclusive of the appellant's application for a patent on a "Rotatable Image Television Receiver."

Broadly outlining the basic principle and essential purpose of his alleged invention, the appellant, in his brief, states:

"The present invention relates to television receivers, and relates more specifically to a mechanism and mechanical arrangement, the use of which, in conjunction with a television receiver, enables easier, more comfortable viewing of the television screen while the viewer is in a reclining position and more particularly, when the viewer is in a reclining position and turned on his side. This type of viewing is accomplished by providing means whereby the image and/or the screen of a cathode ray tube associated with the television receiver may be rotated to any angle preferably up to 90 degrees, with respect to the horizontal, thereby orienting the image to a plane parallel of the inclination of the head and eyes of the viewer.

"* * * viewers may rotate the cathode ray tube image at will, in order to position the image in such a manner as to permit the eyes to travel from side to side rather than diagonally up and down when moved through the field of vision over the screen. This action of the eyes corresponds to the normal eye movements when in a standing or sitting position, thereby eliminating unaccustomed eye reactions and relieving unnecessary eye strain and associated eye muscle fatigue. Appellant has provided a mechanical mechanism, associated with a cathode ray tube of a television receiver, through use of which rotation of the image may be accomplished. It is this mechanical mechanism on which appellant seeks patent coverage."

The claimed invention is said to find particular application in bedrooms of hospitals and rest homes where, because of illness or other infirmity, individuals confined to their beds may experience comfortable, satisfactory, and less eye straining television viewing while, of necessity, in a reclining position. Similarly, for reasons entirely unassociated with necessity, we assume that there is undoubtedly a representative segment of the television viewing populace that would find it highly desirable to view television while relaxing in the stated position of repose.

Claim 15 is illustrative of the claims on appeal and is adequately illustrative of the specific nature of appellant's apparatus. All the claims stand or fall together. Claim 15 reads:

"15. In a television receiver having electronic receiving means and a cathode ray tube supported within said receiver having an enlarged end adapted to receive a path of electrons produced by said electronic receiving means to produce thereon an image in a horizontal viewing position: adjustable image rotation mechanism associated with said tube and operable from outside said re-

ceiver to rotate said image in its entirety about the axis of said tube to thereby orient said image relative to the head and eyes of a viewer in **a** reclining position; said image rotation mechanism including a shaft extending into said receiver; an operating member secured to the outer end of said shaft; a connection between the inner end of said shaft and said electron path producing means through which said image may be rotated by movement of said shaft; and mechanical stop and guide mechanism to limit the angular rotation of said image to thereby position said image on said screen at any predetermined angle up to ninety degrees with respect to the horizontal viewing position of said image upon rotation thereof."

In rejecting the appealed claims, the examiner did not make of record or rely upon any particular prior art. It was the examiner's position that no invention was involved in producing a mechanism which would permit rotation of the cathode tube image in the manner stated in the appellant's application. In affirming this conclusion, the Board of Appeals expressed the view that "Various devices for rotating the image seen on the screen of a cathode ray tube have been used in the past. See for example the patent to Browne cited in the first Office action." It thus appeared to both the examiner and the board, based on their review of the claimed apparatus, that applicant's mechanism was well within the purview of one skilled in the art. It was seemingly the applicant's sole contention at that time, as stated by the examiner and the board, that patentability of the appealed claims resided in the concept of supplying a solution to an inobvious need for rotating the image on the television screen to permit more comfortable, less eye straining viewing. Accordingly, the opinions below concentrated attention on this issue, ultimately concluding that such need was wholly obvious and "suggested by the turning of a book or paper for the same purpose." Requesting reconsideration of the board's original opinion, the applicant maintained that the board had not properly construed his position because the specific apparatus *per se* was, and had always been claimed to be, inventive. This argument was considered but the substance thereof was found to be lacking in merit, the board again indicating that the apparatus in question was conventional.

 In considering the various arguments advanced by the appellant in this appeal, it is at once apparent that the patent to Browne, referred to by the board, is not printed in the record. Consequently, we must assume that the Browne patent is, in fact, representative of a prior art device which discloses means for rotating the image appearing on the screen of a cathode ray tube. In re Pirani, 75 F.2d 223, 22 C.C.P.A., Patents, 1002; In re Valko, 173 F.2d 275, 36 C.C.P.A., Patents, 899; In re Kaufmann, 193 F.2d 331, 39 C.C.P.A., Patents, 769. Furthermore, the appellant's brief is devoid of any assertions affirmatively contradicting the board's view that the apparatus set forth in the appealed claims is "such as would be constructed by the ordinary skilled mechanic for rotating the cathode ray tube or yoke * * * ."

The appellant, therefore, seemingly stakes the success of this appeal on the asserted fact that he recognized a need, not immediately obvious, and thereafter devised a structure which, though not necessarily inventive in and of itself, was inobvious when measured in terms of the result achieved. While it is the concept of the allegedly inobvious need which the appellant stresses, he additionally maintains that others have unsuccessfully sought a solution to the stated problem confronting television viewers.

 Clearly, in the light of the foregoing, it seems certain that, had there been a pronounced need for a device to permit rotation of the image on a television screen, such a device as the applicant seeks to patent herein would have been immediately forthcoming and easily supplied by the mere skill of the art. The fact that no such device was ever pro-

duced does not, in any way, compel the conclusion that there was a need therefor which was inobvious, and that the appellant has accomplished an inobvious result by supplying the means in realization of that need. As previously indicated, the examiner took the position that "if such a need ever existed its solution was an obvious adaptation (and particularly so as to one skilled in the art) of the manner one would position a book, paper or the like when reading it." No valid reason, in our opinion, has been assigned by the appellant in contradiction of that holding.

Through various exhibits disclosed in the record, it is shown that such a need as is here in question has previously been recognized to some extent and a means supplied which, though somewhat archaic in terms of the functional solution applied, did attain the sought after result. While it may be well to argue that the appellant's viewing principle is superior, the difference between those viewing principles shown in the exhibits and that of the appellant are lessened in inventive significance when the means employed to carry out the latter's principle are entirely conventional and, as we hold, not inobvious. It would likewise be unrealistic to assume on the basis of the record before us that there was any long standing problem associated with the viewing of a television image by individuals confined to their beds which defied solution until the appellant entered the field. While the solution to the matter seems to be one of simple and obvious expedient, we do recognize the novelty and utilitarian advantages connected with the appellant's device. Under the circumstances, however, we do not feel that it deserves the measure of inventive status.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of GARRETT, C. J.